HOPKINS v. RODGERS.

(Supreme Court, Appellate Term. January 17, 1905.)

1. SALES—ADMISSIONS—DELIVERY—VALUE.
    An offer on defendant's part to compromise a claim against him for goods sold and delivered involves an admission of the delivery of the goods and of their value, up to the amount of the offer.

2. APPEAL—WAIVER OF OBJECTIONS.
    Where the fact of agency was assumed by both parties throughout the trial, the failure of the proof to show agency could not be first questioned on appeal.

3. SALES—ACTIONS—MEASURE OF RECOVERY—VALUE OF GOODS.
    In an action for goods sold and delivered, where there is no evidence of value, except such as is involved in an offer of compromise made by defendant, the recovery cannot exceed the sum at which defendant agreed to compromise.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Mary A. Hopkins against John C. Rodgers. From a judgment for plaintiff, defendant appeals. Affirmed on condition.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Samuel H. Kunstlich, for appellant.
James M. Ball, for respondent.

SCOTT, J. The complaint was for goods sold and delivered. The plaintiff did not prove either delivery or value, except by showing an agreement by one Witton, said to be an agent of defendant, to pay a certain price. It appears that there was some dispute about the amount delivered, and that, after some discussion, Witton agreed to pay a sum, and plaintiff's assignor accepted the offer. If Witton was authorized to represent defendant, his offer of compromise involved an admission of delivery, and also an admission of value, up to the amount of the offer. Other evidence of value, there was none. The return contains ample evidence that Witton did act for and represent defendant. He verified the answer, and therein swore that he was the agent of defendant. Except for his affidavit, the answer is unverified. He repeated this declaration, in substance, in an affidavit of merits used on a motion to open a default. It was assumed throughout the trial by defendant, as well as plaintiff, that Witton was defendant's agent, and the only person who had anything to do with the matter on behalf of defendant. It is too late now, for the first time, to raise the question that Witton was not shown to be defendant's agent. There

being no evidence of delivery or value in the case, except Witton's admission, the judgment cannot exceed what he agreed to pay.

The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event, unless plaintiff will stipulate to reduce it to $267.31, in which event it will be affirmed as modified, without costs. All concur.