(54 Misc. Rep. 128)

HALPIN v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   April, 1907.) ·

MUNICIPAL CORPORATIONS—POLICE OFFICERS—SUSPENSION WITHOUT PAY.
   Where a police captain in the city of New York was, under Greater New York Charter, Laws 1901, p. 124, c. 466, § 292, suspended without pay, and on trial of the charges convicted and sentenced to a fine of 30 days' pay, he is not entitled to pay during the suspension; and section 302,

giving the police commissioner power to punish by suspension without pay, and providing that no more than 30 days' pay shall be forfeited for any offense. does not affect the power conferred by section 292 to suspend without pay pending the trial of charges.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 515.]

Action by Henry Halpin against the city of New York. Judgment for defendant.

Grant & Rouss, for plaintiff.
Wm. B. Ellison, for defendant.

BLANCHARD, J.   The facts of this case are presented upon a stipulation entered into by the parties hereto.   This is an action brought by the plaintiff, a police captain, to recover for salary withheld during his period of suspension from the police force, from January 1, 1903, until March 20, 1903, inclusive.   Upon the trial of the charges, the deputy commissioner convicted the plaintiff as to several of the charges and sentenced the plaintiff to a fine of 30 days' pay. The police ·commissioner approved the finding of the deputy commissioner and stated that:

"In view of the fact that Capt. Halpin has already forfeited his pay for 2 months and 19½ days during the time he has been suspended, without pay, under the provisions of section 292 of the Greater New York charter, the above fine of 30 days' pay is hereby remitted."

Plaintiff was accordingly continued upon the police force and signed a receipt for salary, on or about April 1, 1903, for the remainder of the month of March.   According to section 292 of the Greater New York charter (Laws 1901, p. 124, c. 466), the police commissioner—

"shall have power to suspend without pay, pending the trial of charges, any member of the police force. If any member of the police force so suspended shall not be convicted by the police commissioner of the charges so preferred, he shall be entitled to the full pay from the date of suspension, notwithstanding such charges and suspension."

Section 302 of the Greater New York charter provides that:

"The police commissioner shall have power, in his discretion, on conviction by him   *   *   *   to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, suspension, without pay during such suspension, or by dismissal from the force; but not more than thirty days' pay or salary shall be forfeited or deducted for any offense. All such forfeitures shall be paid forthwith to the treasurer of the department to the account of police pension fund."

Since section 302 of the charter, which fixes a limit as to the amount of the forfeiture, expressly applies merely to "any offense," it seems that it should not be extended by mere implication so as to qualify the broad power conferred upon the police commissioner by section 292 "to suspend without pay."   According to the latter section, a suspended officer shall be entitled to full pay during the period of suspension, if not convicted.   In the absence of express statutory provision, it seems that in case of conviction he should not be entitled to pay during the period of suspension.   The plaintiff herein was convicted upon certain of the charges preferred against him.   It follows

from the above considerations that he is not entitled to any pay for the period of suspension, and accordingly judgment is given for the defendant.

Judgment for defendant.