HAMMOND PACKING CO. v. HOWEY.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. INSURANCE (§ 665*)—FIRE INSURANCE—ACTIONS—EVIDENCE—SUFFICIENCY.

Where, in an action on a fire policy, the issues were whether a fire occurred, and whether proof of the amount of loss and of the amount of insurance was furnished, an instrument executed by an attorney in fact of an ·insurer, subsequent to the commencement of the action adjusting insured's claim against insurer, at a specified amount payable in installments, subject to the right of insured to sue on nonpayment of the claim as specified, and stipulating that the instrument should not prejudice any of the rights of insured to prosecute existing actions, did not prove the fact of loss and proof thereof essential to a recovery.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

2. INSURANCE (§ 665*)—FIRE INSURANCE—ACTIONS—EVIDENCE.

To entitle insured in a fire policy to recover the full amount of the policy for a loss, he must prove that the property covered by the policy was destroyed, or damaged by fire, and that the loss was equal to or exceeded the amount agreed to be paid by the policy.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Hammond Packing Company against William J. Howey. From a judgment dismissing the complaint on trial before a jury, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Wendell P. Barker, for appellant.
Mortimer M. Menken, for respondent.

INGRAHAM, P. J. This action was brought against the defendants as general manager and authorized attorney of certain individual underwriters doing business as the Isthmus Lloyds of the city of New York. The complaint alleges: That the defendant and one Patterson were general managers of and duly authorized attorneys for the individual underwriters named. That on or about the 28th of May, 1903, said Patterson and Howey, acting as the agents and attorneys in fact of said underwriters, entered into a contract in writing, whereby the said Patterson and Howey as attorneys in fact of the said underwriters insured the certain described property of the plaintiff for the term of one year from the 30th day of June, 1903, to the 30th day of June,

1904, against all direct loss or damage by fire to an amount not exceeding $2,500. A copy of this policy of insurance was annexed to the complaint. That the premium mentioned in the policy was duly paid to said Patterson and Howey as attorneys in fact and agents for the said underwriters, and that on or about the 5th day of July, 1903, the property insured was damaged by fire and plaintiff suffered a loss of nearly $300,000, which was the actual value of the property destroyed. That the plaintiff at the time of the fire held policies of insurance covering the property destroyed amounting to $248,816.42. The loss and damage by reason of the fire was duly appraised and apportioned on the companies insuring the said property, and that the proportionate share of the said loss charged to the agents and attorneys in fact of the underwriters was the sum of $2,500. That notice of said fire was immediately given by the plaintiff to the attorneys and agents as aforesaid within the period limited by the said policies of insurance and proofs of loss filed with the said attorneys for the sum of $2,500, wherefore the plaintiff demanded judgment for that amount. The said policy annexed to the complaint was signed by "W. J. Howey as attorney." The answer denies all the material allegations of the complaint, except the allegation that Patterson and Howey were the general managers of and duly authorized agents for the named underwriters, and that proofs of loss were duly received by the said Patterson and Howey.

[1] On the trial the general manager of the plaintiff was called as a witness, and testified as to the ownership of the property insured, and, further, that at the time the fire was reported the witness went to St. Joseph, in the state of Missouri, where the property was located and conferred with Mr. Patterson or Mr. Howey, the attorneys for these underwriters, in regard to the settlement of the loss under the policy. The witness then produced a paper which he testified was executed in his presence on October 4, 1904, by Mr. J. W. Patterson whom he saw sign the same. That was then offered in evidence and objected to upon the ground that it was not pleaded and not binding upon the defendant in this action, and not shown to have been executed by the defendant's authority. That objection was sustained to which the plaintiff excepted. The plaintiff thereupon rested, and the court dismissed the complaint.

The instrument that was thus offered in evidence was as follows:

"It is hereby agreed that the claims of the Hammond Packing Company and Omaha Packing Company, for loss by fire, under the following policies of the New York Fire Lloyds, Isthmus Lloyds of the City of New York, Union Underwriters and Lloyds Underwriters Agency, viz., Hammond Packing Company,"

—and then follows a list of the names of these various underwriters, the number of the policy, and the amount of the claim, ·

—"are hereby adjusted at one hundred per cent. (100%) of the amount of said claims, subject to the following conditions of payment. * * * Five per cent. (5%) of sixty per cent. (60%) of the face of said claims thirty days from date; ten per cent. (10%) of sixty per cent. (60%) of the face of said claims sixty days from date; ten per cent. (10%) of sixty per cent. (60%) of the face of said claims ninety days from date. Seventy-five per cent. (75%) of sixty

per cent. (60%) of the face of said claims upon final liquidation (but not later than three years from the date hereof), of all outstanding claims brought under policies of the New York Fire Lloyds, Isthmus Lloyds and Union Underwriters issued prior to January 1st, 1904."

It was further agreed that the balance of forty per cent. of the face of said claims as thereby adjusted should be payable only out of one-third of such net earnings as may be realized by the attorneys for the underwriters of said policies from the operation as managers of a proposed Wholesale & Retail Butchers Inter-Insurance Association, which said attorneys contemplate to organize with the co-operation of the assured under said policies. This agreement was signed by the various underwriters by J. W. Patterson, attorney, and by the plaintiff. With the exception of the issuance of the policy and the submission of the proofs of loss, which were admitted by the answer, there was no fact proved upon the trial which was essential to entitle the plaintiff to recover. There was no proof that there was a fire, no proof of the plaintiff's loss, and no proof of the amount of insurance on the property. All of these facts were denied by the answer. The action was commenced December 30, 1903, and the instrument offered in evidence was executed on October 4, 1904. By that instrument certain claims of the plaintiff against the Isthmus Lloyds of the city of New York were adjusted at 100 per cent. of the claims subject to certain conditions of payment by which 60 per cent. was to be paid in cash and 40 per cent. from the profits of an association to be organized. Plaintiff sought to introduce this agreement as proof of the facts necessary to entitle it to recover, but it seems to me that, if this agreement was admitted in evidence, it was entirely insufficient to prove the facts at issue that a fire had destroyed the plaintiff's property which was covered by policy of insurance or that any liability existed under the policy. Plaintiff's cause of action was upon a policy of insurance, whereby the defendant insured the plaintiff against loss or damage by fire of certain property specified in the policy.

[2] To entitle the plaintiff to recover, it was necessary to prove that the property insured had been destroyed or damaged by the fire, and that the loss was equal to or exceeded the amount agreed to be paid by the policy. To prove those facts, there was a stipulation offered which adjusted plaintiff's claim against the defendant at the amount of the claim without specifying that the adjustment was upon the same claim specified in the action, but limiting the right of the plaintiff to payment as specified in the instrument, with a provision that, if the defendant failed to pay that claim as specified, the plaintiff could bring suit against the defendant for such amount as may be payable by each of them under the agreement. This undoubtedly would justify an action brought by the plaintiff against the defendant under the agreement for the payment required to be therein made. The agreement of adjustment could not be evidence of the facts necessary to sustain a cause of action arising upon the policy or as to the right of the plaintiff to recover upon the policy, and, as before stated, it contained no admission of fact that there had been a fire or that the property covered by the policy of insurance had been destroyed.

The further provision of the agreement, that it should not prejudice any of the rights of the plaintiff to prosecute existing suits or to institute new ones if the payments therein provided for were not paid as specified, does not, I think, change the force of this agreement. It undoubtedly would operate to prevent the claim that by the execution of the agreement the existing actions including the one now under consideration had abated or the cause of action merged in the liabilities created by the instrument itself. Nothing in the agreement as I read it can be considered as an admission of absolute liability under the policy or dispense with the necessity of the plaintiff proving the facts which would entitle the plaintiff to recover under it. I do not think it was error, therefore, to refuse to receive the agreement in evidence as an admission, or if it had been received in evidence that it would have furnished proof of the plaintiff's claim which would have justified a recovery.

I think, therefore, the judgment should be affirmed, with costs.

LAUGHLIN, MILLER, and DOWLING, JJ., concur.

McLAUGHLIN, J. Action upon a policy of fire insurance issued by the "Isthmus Lloyds of the City of New York," an unincorporated association of underwriters of which the defendant is one.

The complaint charges that under the policy, which was issued by the defendant as attorney in fact of the association, the underwriters insured plaintiff severally and not jointly in the sum of $2,500; that there was other insurance on the property destroyed, aggregating $248,816.42; that a loss of $297,994.24 was sustained while the policies were in force; that such loss was duly appraised and apportioned among the companies insuring the property, and that the proportionate share of the loss chargeable to the Isthmus Lloyds represented by the defendant was the sum of $2,500. The answer put in issue the loss and defendant's liability. Upon the trial the plaintiff proved its ownership of the property, the issuance of the policy sued on, the fire, and then sought to introduce in evidence, for the purpose of proving the loss sustained, a written agreement between it and the defendant made after the commencement of the action adjusting the loss and apportioning the liability among the various insurance companies. The agreement was excluded, and the plaintiff then rested, and the complaint was dismissed for failure of proof. If this ruling were correct, then the complaint was properly dismissed, because there was no proof of the actual loss sustained. If erroneous, then the judgment is wrong and should be reversed.

The agreement was entitled "Agreement of Adjustment." It provided, among other things, that:

"It is hereby agreed that the claims of the Hammond Packing Company * * * for loss by fire under the following policies of the * * * Isthmus Lloyds of the City of New York, * * * viz.,
"Hammond Packing Company.

| * * * | Policy. | Claim. |
|---|---|---|
| Isthmus Lloyds Inter Insurance | 27991 | $2500.00 |

* * * are hereby adjusted at One hundred per cent. (100%) of the amount of said claims, subject to the following conditions of payment"

—which were stated, and then the agreement continued:

"It is further hereby agreed that upon the written request from the attorneys in fact for the underwriters, the assured shall cause all suits now pending under said policies to be continued from time to time, or to be dismissed, each party paying its own costs, except that this agreement shall not prejudice any of the rights of Hammond Packing Co. * * * to prosecute said suits or institute new ones if such payments are not made as herein specified. * * *"

The policy mentioned in the agreement is the one in suit. The agreement was signed by the plaintiff and the Isthmus Lloyds, "By J. W. Patterson, [Seal.]" The admission in evidence of the agreement was objected to on two grounds: (1) That Patterson was not shown to have had authority to execute it on behalf of the Isthmus Lloyds; and (2) that it was irrelevant to the issues raised by the pleading, in that the action was not brought upon the agreement, but upon the policy.

I am of the opinion that the ruling was erroneous. It is admitted in the pleadings that Patterson and the defendant were two of the underwriters who constituted the Isthmus Lloyds; that they were the "general managers of and duly authorized agents for and representing" the association; that they "had full and complete authority from the said underwriters to issue policies of insurance in their names"; and that they "acting as the agents and attorneys in fact of said underwriters, duly entered into a contract in writing with this plaintiff," which contract was for the policy sued on. It is further admitted:

"That the said attorneys of the underwriters have duly designated and appointed William J. Howey as the underwriter against whom suit should be brought in accordance with the terms of said policy."

From these admissions, it appears that the defendant merely stands in the place of the association, and that Patterson had power to represent him and the others in adjusting the loss. This necessarily follows, as it seems to me, from the admissions.

As to the second ground: The agreement was admissible to show that the amount sued for was the Isthmus Lloyds' proportionate share of the loss. The policy is not printed in full in the record, only an abstract being given, but it may be assumed that it was of the standard form and contained the ordinary clauses, including the pro rata clause. Before a recovery could be had, the plaintiff was required to prove what proportion of the loss the amount of the plaintiff's policy bore to the total amount of the other policies, and this agreement contained a list of all the policies and their amounts. Being executed by the various companies which had issued policies, it was relevant to an issue to be proved. It was also relevant upon the question of the amount of the loss sustained under the policy in suit. It was competent as an admission against interest on that subject. In so far as it was an agreement to pay the amount of the claim, it was a general admission of its validity, which covered all the questions which would have to be determined in favor of the plaintiff before it would be entitled to recover, such, for instance, as the amount of the loss, the giving of due notice, etc. As an admission it was relevant to prove such facts. Hopkins v. Rogers, 91 N. Y. Supp. 749. The statement

that the claim was "adjusted at One hundred per cent." was but another way of saying that the loss sustained under the policy was the full amount covered by it.   Bartlett v. Taxbox, *40 N. Y. 495.   The fact that the agreement was not pleaded was of no importance because the action was not predicated upon it, but upon the policy, and the agreement was offered only as proof of the facts necessary to obtain a recovery under the policy.   The defendant has had the benefit of the agreement by delaying the trial several years, and, having had such benefit, ought not to escape liability upon a technicality.

I am of the opinion the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.