Here a part of an entire tract was taken, and, as it seems to me, the land damage was merely incidentally involved. The difference in value between the entire tract, brickyard and all, as it was before any was taken, and the value of what was left, was the measure of damages. Matter of Grade Crossing Commissioners, 6 App. Div. 327, 40 N. Y. Supp. 520; Matter of Grade Crossing Commissioners, 59 App. Div. 498, 69 N. Y. Supp. 152; Matter of Grade Crossing Commissioners, 116 App. Div. 549, 101 N. Y. Supp. 928; Matter of Grade Crossing Commissioners, 166 N. Y. 69, 74, 59 N. E. 706. It is true that the question of damage to the remainder was inquired about, and that is always so where land is taken. The entire tract was owned by the Brush heirs, and the damages stipulated at a fixed sum and awarded to the holder of the mortgage which covered the tract. I think both orders should be affirmed, the one confirming the report as well as the order of Judge Pound refusing to send it back. I do not see how Judge Pound had any authority to make such an order as he was asked to make, in any view of the case, for that would practically be reviewing the order confirming the report.

In re GRADE CROSSING COM'RS OF CITY OF BUFFALO. (Supreme Court, Appellate Division, Fourth Department. July 11, 1911.) In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo. In re lands of Henry D. Kirkover and others. Proceeding No. 91. No opinion. Report and order affirmed, with costs.

GRIMES, Appellant, v. NAUGHTON CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 16, 1911.) Action by James G. Grimes against the Naughton Company and another. No opinion. Order unanimously affirmed, with costs.

GRUNZFELDER v. INTERBORO RAPID TRANSIT CO. et al. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Appeal from Trial Term, New York County. Action by Nicholas Grunzfelder against the Interboro Rapid Transit Company and another. From a judgment awarding injunction and damages, defendants appeal. Modified and affirmed. J. O. Nichols, for appellants. Banton Moore, for respondent.

PER CURIAM. On an examination of the facts of this case we are satisfied that the rental damage should be restricted to a period subsequent to the opening to the public of the subway, viz., June 10, 1905. The judgment is therefore modified, by striking out the allowance for rental damage prior to that date, and, as modified, affirmed, without costs.

GUARDIAN TRUST CO. v. CHURCH CONST. CO. et al. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Action by the Guardian Trust Company against the Church Construction Company and others. G. W. Titcomb, for appellants. H. D. Hotchkiss and C. J. Hardy, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

GUARDIAN TRUST CO. OF NEW YORK v. CRESCENT BRICK & SUPPLY CO. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by the Guardian Trust Company of New York against the Crescent Brick & Supply Company. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

GUILFOYLE v. PIERCE. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by James F. Guilfoyle against Catherine E. Pierce. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed. See, also, 139 App. Div. 904, 123 N. Y. Supp. 1118.

In re HAAS. (Supreme Court, Appellate Division, Second Department. June 29, 1911.) In the matter of the application of Joseph Haas for payment of an award, made for parcel No. 1 A, in the matter of acquiring title, etc., to premises situated at the southeasterly corner of Sumpter street and Rockaway avenue, etc.

PER CURIAM. Report of referee confirmed. See, also, 140 App. Div. 897, 125 N. Y. Supp. 1143.

JENKS, P. J., taking no part.

HALLOCK, Appellant, v. PURDY et al., Respondents. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Action by Charles P. Hallock against Charles Purdy and others. J. D. Hallock, for appellant. E. H. P. Squire, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

HALPIN v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Action by Henry Halpin against the City of New York. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed. For former opinion, see 54 Misc. Rep. 128, 105 N. Y. Supp. 520.

HAMMOND PACKING CO. v. HOWEY. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by the Hammond Packing Company against William J. Howey. W. P. Barker, for appellant. H. T. Cole, for respondent. No opinion. Order affirmed, without costs. Order filed. See, also, 129 N. Y. Supp. 1062.

HAMMOND & SLOANE, Inc., v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Action by Hammond & Sloane, Incorporated, against the City of New York. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.