[Civ. No. 5667.   First Appellate District, Division One.—March 22, 1927.]

## MILES R. LINKOUS, Respondent, v. A. E. SUNDERLAND, etc., Appellant.

[1] MUNICIPAL CORPORATIONS—CITY OF FRESNO—REMOVAL OF MEMBER OF POLICE DEPARTMENT—CIVIL SERVICE—CONSTRUCTION OF ORDINANCE.—The limitation of suspension contained in the code of rules, established by an ordinance of the city of Fresno, which govern the Civil Service Commission of that city in the exercise of its powers relating to the removal and suspension of officers and employees of said city, that "Pending action for removal or for disciplinary reasons an employee may be suspended for a period not exceeding 30 days," does not apply to the case of a member of the police department who is ordered removed by his superior, where as a disciplinary measure the ordinance provides

that a suspension may not be for a period exceeding thirty days, and as an ancillary measure in removal proceedings no limit is placed on the period of suspension.

(1) 4 **C. J.**, p. 1107, n. 63; 43 **C. J.**, p. 904, n. 51, p. 916, n. 76.

APPEAL from a judgment of the Superior Court of Fresno County. Denver S. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

Loren A. Butts for Appellant.

Lindsay & Gearhart and B. W. Gearhart for Respondent.

KNIGHT, J.—Plaintiff instituted this proceeding in *mandamus* against defendant as Commissioner of Public Safety and Welfare of the City of Fresno, seeking to be restored to the position formerly held by him in the police department of said city. Judgment was entered in plaintiff's favor and defendant has appealed.

The record discloses the following facts: On November 9, 1925, appellant, as the head of the police department of said city, served written notices on respondent and other police officers of said city, including one Nichols, advising them that they were dismissed from said department upon the ground that they had been indicted by the federal grand jury for "felony, to-wit: Conspiracy to violate the National Prohibition Enforcement Act." Availing themselves of the benefits of certain civil service provisions of the city charter, the officers mentioned answered the charges contained in the orders of dismissal and demanded a hearing before the Civil Service Commission. The latter appointed November 27, 1925, as the time for said hearing, but prior thereto respondent and Nichols, being represented by the same counsel, joined in a written request to said board asking that the hearing of the charges against them be continued "until some date subsequent to the trial" on the federal indictment, which request was granted. The trial in the federal court began on November 30, 1925, and ended in the acquittal of respondent and Nichols on January 28, 1926. On the day following they demanded reinstatement in said department. Thereafter and on February 1, 1926, they were

served with amended notices of dismissal which contained the additional charge of having received money from persons known to be engaged in the unlawful sale of liquor. They answered the amended charge and the hearing was set for February 17, 1926, on which day and before said charges were heard respondent commenced the instant proceeding in the superior court, and thereupon the board continued the hearing of said charges pending the determination of this proceeding, the trial of which was had in the superior court on February 25, 1926, and judgment entered on March 11, 1926, in favor of respondent, directing that he be forthwith restored to his former position in said department and that appellant issue to him salary warrants covering the period of time from November 9, 1925, to the date of judgment.

Section 22 of article III of the charter, relating to the removal and suspension of officers and employees of said city, provides in part that if the charges made against the officer or employee are answered and demand is made for a hearing before the Civil Service Commission "the civil service board shall then fix a time and place for, and, according to such rules and regulations as it may adopt, shall conduct a hearing upon the charges and answers . . . and upon said hearing . . . may order the charges dismissed, in which case the officer or employee shall be restored to duty without prejudice; but if the charges are sustained, the officer or employee shall by virtue of said findings be removed unless the finding in either case is set aside by the city commission . . . Pending the hearing of any charges, whether before the civil service board or the city commission, the officer seeking to make the removal may suspend the officer or employee whose removal is sought, such suspension to be without pay, unless the charges are dismissed." These charter provisions are supplemented by a code of rules, established by a city ordinance (No. 972), which govern the Civil Service Commission in the exercise of its powers, and rule XI thereof deals with "removals, reductions, resignations, suspensions, and procedure," being divided into four sections, and section 1 containing three subdivisions. Section 3 thereof reads as follows: "Pending action for removal or for disciplinary reasons an employee may be suspended for a period not to exceed 30 days. . . . "

[1] In support of the judgment respondent contends that the limitation of suspension fixed by the section just quoted applies to cases of dismissal and that since his suspension continued beyond the time allowed thereby it became illegal and, irrespective of the notice of dismissal, operated to restore him to his former position.

Answering this contention, appellant relies upon the case of *Nichols* v. *Sunderland, Commissioner of Public Safety, etc.,* 77 Cal. App. 627 [247 Pac. 614], claiming that the precise point urged by respondent here was raised and fully decided there. With reference to that case, it appears that pending the appeal herein, Nichols, who as before stated was represented by the counsel now appearing for respondent Linkous, made original application to division two of this court for and was granted an alternative writ of mandate requiring this appellant to show cause why Nichols should not be restored to the position formerly occupied by him in said department. As indicating that counsel for respondent herein at that time believed that the issues of law and fact involved in the Nichols case were the same as those involved here, appellant calls attention to that part of the petition in the Nichols case wherein it was alleged that the instant proceeding had been commenced and tried in the superior court; that judgment had been rendered directing the reinstatement of the officer, and that an appeal had been taken and was then pending; and as grounds for making the application for the writ to the appellate court in the first instance stated in the petition as follows: " . . . all the questions involved in that action (referring to the instant one) and all questions that are involved in any of the numerous other similar actions can be determined promptly by the appellate court in this proceeding and inasmuch as the decision of the appellate court will be accepted as final by all parties to this proceeding, and other similar proceedings, it is, the petitioners submit, a proper and salutary case for the exercise of the original jurisdiction fixed in the appellate court."

On April 29, 1926, after a hearing on the merits, judgment in that proceeding was rendered in favor of the appellant herein, holding in effect with reference to the point at issue here that the provisions of said section 3 were not available to the petitioner therein, and that therefore he was not en-

titled to be reinstated. Subsequently a petition for a hearing in the supreme court was denied. After quoting rule XI in full in the fore part of the opinion, the district court of appeal construed the same as follows: "Turning to rule XI, it will be observed that in subdivision (a) a permanent removal is provided for after hearing or opportunity for hearing; in subdivision (b) a suspension is provided for provided the civil service board may investigate and approve or disapprove; in subdivision (c) a suspension or dismissal is provided for and the language used clearly indicates that the subordinate may, at the time the proceeding is initiated, be separated from his office, but that thereafter he is to be given a hearing if he demands it and, if the charges are sustained, then he will be permanently removed—that is, dismissed. As against improper removals, the charter and the rules both enjoin on the civil service board the duty of protecting the subordinate. The charter enjoins on the superior officer the duty of promoting 'the efficiency of the public service.' From all of these provisions it is clear that the charter and the rules enacted thereunder authorize (1) a permanent removal; (2) a suspension for disciplinary purposes; and (3) a suspension which will promote the efficiency of the service"; and further on in the opinion, in determining the point urged herein by respondent, the court said: "Finally, the petitioner asserts that he has been suspended more than thirty (30) days and that a suspension for more than thirty (30) days is prohibited by the provisions of ordinance No. 972. This contention rests on a confusion or intermingling of two separate provisions of the ordinance. It is provided that a subordinate may be disciplined by suspension. It is also provided that the superior may initiate removal proceedings and pending the hearing thereof before the civil service board that the subordinate officer may be suspended. As a disciplinary measure the ordinance provides that a suspension may not be for a period exceeding thirty (30) days. As an ancillary measure in removal proceedings no limit is placed on the period of suspension. Whether the suspension is of the first class or the second class, the ordinance provides that the subordinate may, on demand, be given a speedy hearing and that the period of thirty (30) days will not necessarily be consumed in either case. Moreover, the facts above recited show that any delays

which have occurred in the instant case were the delays caused or requested by the petitioner and not by his superior officers. Under very similar provisions contained in the New York charter the supreme court of that state made the same ruling. (*Halpin* v. *City of New York,* 54 Misc. Rep. 128 [105 N. Y. Supp. 520].)''

It would appear from the foregoing that the same provisions of the charter and of Ordinance No. 972 of said city upon which respondent endeavors to support the judgment herein were there considered and were construed adversely to respondent's contentions herein. We are therefore of the opinion that we are concluded by such construction. With due propriety it may be added, however, in answer to the argument made herein by respondent as to the possible consequences of excluding cases of suspension where dismissal is ordered from the operation of the thirty-day limitation provision embodied in said section 3 of rule XI, that the courts may always be resorted to for an appropriate remedy to prevent prolonged or unwarranted delay on the part of a civil service board in bringing cases of dismissal to trial; and in this connection it may be stated that it appears from the briefs herein that the amended charges against respondent were in fact heard and sustained on May 12, 1926.

We find no material difference in the facts of the two cases relating to the cause for the delay in bringing the charges to a hearing which would justify a different conclusion in the determination of this appeal. In each case the postponement from November 27, 1925, until January 29, 1926, was granted at the request of the accused; and the second postponement, to February 17, 1926, was necessarily caused by the filing of the amended charges; but on that day respondent commenced this proceeding, not for the purpose of obtaining a trial before the civil service board, but to compel the commissioner who had ordered his removal to reinstate him upon the ground that as a result of said postponement his suspension had expired by operation of law. Even assuming that by any possible construction the provisions of said section 3 could be held to apply to cases of removal, there is nothing contained in the law of the municipality which would justify the establishment of a rule that failure of the civil service board to act upon an order of dismissal before the expiration of the period of sus-

pension would operate in and of itself to nullify the order of dismissal and restore the officer or employee to his former position. Such a rule must necessarily become a part of the municipal law by legislative act, and cannot be judicially supplied.

In view of the decision in *Nichols* v. *Sunderland, etc., supra,* and mainly upon the grounds stated therein, the judgment appealed from is reversed.

Tyler, P. J., and Cashin, J., concurred.