FREDERICK J. LEHMANN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, December 13, 1934.

*Paul Windels* [*Paxton Blair* and *Charles E. Ramsgate* of counsel], for the appellant.

*Field & Field* [*Reginald Field* of counsel]; for the respondent.

SHIENTAG, J.   The question presented on this appeal is whether a police officer, who has been fined thirty days' pay, pursuant to section 302 of the Greater New York Charter, is entitled to his salary for the period during which he was suspended without pay pending the disposition of the departmental charges against him upon which he was convicted and fined.

Plaintiff, a member of the police department of the city of New York, was suspended from duty without pay on April 7, 1933, following written charges preferred against him.

A departmental trial upon the charges was held on the 5th day of July, 1933, and continued on October 4, 1933.   Plaintiff was restored to duty on November 20, 1933, pending the decision of the police commissioner.   On the 21st day of December, 1933, he was found guilty as charged and a fine of thirty days' pay was imposed.

Action is now brought by the convicted police officer against the city of New York to recover the sum of $1,713.60, representing unpaid salary during suspension for the period from April 7, 1933, the date of the charges, to November 20, 1933, when he was restored to duty pending the police commissioner's decision.

All of the foregoing allegations of the complaint are admitted in the defendant's answer.   The defendant denies that it owes any money to the plaintiff and as a defense to the cause of action alleged in the complaint the defendant sets up that having been found guilty of the charges after trial, the plaintiff is not entitled to recover any salary during the period of suspension.

Plaintiff moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act.   From the order granting that motion and directing the entry of judgment for the amount claimed, the defendant has appealed to this court.

The duties and powers of the police commissioner of the city of New York and the rules governing the trial of members thereof are specifically enumerated and prescribed in chapter VIII of the Greater New York Charter. The following provisions are pertinent:

" § 292. The police commissioner shall be the chief executive officer of the police force. He shall be chargeable with and responsible for the execution of all laws and the rules and regulations of the department. He shall assign to duty the officers and members of the police force, and shall have power to change such assignments from time to time, whenever, in his judgment, the exigencies of the service may require such change. He shall have power to suspend without pay, pending the trial of charges, any member of the police force. If any member of the police force so suspended shall not be convicted by the police commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension, notwithstanding such charges and suspension. Said police commissioner may grant leaves of absence to members of the force."

" § 300. The police commissioner is authorized and empowered to make, adopt and enforce rules, orders and regulations for the government, discipline, administration and disposition of the police department and police force and the members thereof. He shall have power and is authorized to adopt rules and regulations for the examination, hearing, investigation and determination of charges made or preferred against any member or members of the said police force, but no member or members of the police force except as otherwise provided in this chapter shall be fined, reprimanded, removed, suspended or dismissed from the police force until written charges shall have been made or preferred against him or them, nor until such charges have been examined, heard and investigated before the police commissioner or one of his deputies, upon such reasonable notice to the member or members charged, and in such manner of procedure, practice, examination and investigation as the said commissioner may, by rules and regulations, from time to time prescribe."

" § 302. The police commissioner shall have power, in his discretion, on conviction by him or by any court or officer of competent jurisdiction, of a member of the force of any criminal offense, or neglect of duty, violation of rules, or neglect or disobedience of orders, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct or conduct unbecoming an officer, or any breach of discipline, to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, suspension, without pay during such suspension, or by dis-

missal from the force; but no more than thirty days' pay or salary shall be forfeited or deducted for any offense."

It is obvious, therefore, from the foregoing provisions of the charter, that the police commissioner may suspend members of the department without pay after written charges have been preferred against them. Upon acquittal of the charges, the officer is entitled to his wages during his suspension without pay. In the event of conviction, punishment may be inflicted upon the offender in the manner therein provided. The punishment imposed subsequent to conviction has no relation whatever to the power to suspend without pay pending the hearing of charges as provided in section 292. It is only when a member of the police department is not convicted that he is entitled to the salary withheld during suspension.

When conviction follows the trial, the statute expressly denies the officer the right to any wages during the period of suspension. This is absolute. The punishment to be inflicted following the conviction rests in the discretion of the police commissioner within the limits prescribed by law. The intent of the Legislature, as expressed in the charter provisions, seems clear and unambiguous.

It is argued on behalf of the plaintiff that section 302 of the charter limits the punishment other than dismissal to a maximum fine of thirty days' pay, and that the application of the statute, as indicated herein, would result in fining the officer not only a month's salary, but, in addition thereto, depriving him of his salary during the several months of his suspension. This, argues the plaintiff, constitutes a double punishment, far in excess of that prescribed or contemplated by law. Such is not the case, however. The punishment inflicted subsequent to conviction should not be confounded with the right to suspend from duty without pay prior to conviction. The one is exclusive of the other. If the officer is innocent of the charges, he loses no rights; if improperly convicted, his right to review the determination of the police commissioner is safeguarded. (Civ. Prac. Act, § 1304.)

The plaintiff was charged with a serious offense, and the maximum punishment, short of dismissal, was inflicted. He argues, however, that the application of the law as herein indicated, may result in a situation where an officer may be suspended indefinitely without pay for a trivial offense warranting a reprimand or small fine, and yet actually be punished more severely by reason of his loss of wages during the suspension period. This it is urged, may result in some instances in unduly oppressing members of the force.

This case comes to us on the pleadings. We are not here dealing with a situation where it is shown that the police commissioner acted arbitrarily or unreasonably in refusing or neglecting to bring

an officer to trial promptly after written charges had been preferred against him. In any event that is a matter for the Legislature rather than for the courts.

Section 1569-a of the charter does not apply to this case. That section reads as follows: " Except as otherwise specially provided the head of a city department or any other officer, board or body of the city, or of a borough or county within the city, vested with the power of appointment and employment, in addition to existing powers, may, in his discretion, suspend, for not more than one month without pay, any officer or employee of his department, board, body or office, pending the hearing and determination of charges against him or the making of an explanation, as the case may be. If the person so suspended be removed, he shall not be entitled to salary or compensation after suspension. If he be not so removed he shall be entitled to full salary or compensation from the date of suspension to the date of reinstatement, less such deduction or fine as may be imposed." (Added by Laws of 1913, chap. 694.)

It has no application to this case, however, because specific provision is made elsewhere in the charter dealing with the right of the police commissioner to suspend without pay. To hold that section 1569-a applies to the situation here presented is to ignore the specific limitation imposed in the section itself. It has no application or relation to the police department.

Support for the conclusion here reached is found in the dicta in *People ex rel. Flynn* v. *Woods* (218 N. Y. 124); *Halpin* v. *City of New York* (54 Misc. 128).

Judgment and order reversed, with costs, and motion denied.

All concur; present, LYDON, HAMMER and SHIENTAG, JJ.