Mᴀʀʏ A. Wᴀʀᴅʟᴀw, as Administratrix, Respondent, *v.* Tʜᴇ Mᴀʏᴏʀ, Aʟᴅᴇʀᴍᴇɴ ᴀɴᴅ Cᴏᴍᴍᴏɴᴀʟᴛʏ ᴏғ ᴛʜᴇ Cɪᴛʏ ᴏғ Nᴇw Yᴏʀᴋ, Appellant.

While when an officer, who is removable from his office at the will of the appointing power, is suspended from the performance of the duties of his office by that power, but not removed, he is entitled to the salary of the office during the period of suspension, he may waive that right by express agreement or conduct from which such an agreement on his part may reasonably be inferred, and when after suspension he accepts other employment from the same power the question as to intent to waive the right and abandon the original position is one of fact for a jury.

The commissioner of public works of the city of New York, having power to discharge assistant engineers in that department at pleasure, no particular form of words is necessary for that purpose; if he intends to, and does communicate to an assistant engineer the fact that his services are no longer required and this is so understood by him, a discharge is effected.

Said commissioner sent to W., plaintiff's intestate, who was an assistant engineneer in the department, a written communication as follows : " Notice of suspension as assistant engineer in the department of public works is hereby served upon you, the same to take effect on and after July 31, 1886." In an action to recover salary subsequent to the date specified it appeared that during the period for which salary was claimed, W. was employed and performed the duties of surveyor in said depart- ment, receiving the salary therefor. *Held*, the question as to whether the acceptance of ·such other employment and receipt of the compensa- tion therefor, was not an abandonment of the office of assistant engineer and a relinquishment of the salary was one of fact as was also the ques- tion as to whether the letter was intended and undersood by both parties as a removal ; and that a refusal to submit them to the jury was error.

(Argued January 16, 1893 ; decided February 10, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 4, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

This action was brought by James R. Wardlaw to recover his salary as assistant engineer in the department of public works in the city of New York, from July 31, 1886, the date of his suspension, to January 30, 1890, the date of his discharge.

Said plaintiff having died intestate while the action was pending, his administratrix was substituted as plaintiff.

The facts, so far as material, are stated in the opinion.

*D. J. Dean* for appellant.    The common council has power to appoint city surveyors. (*Moore* v. *Mayor, etc.*, 73 N. Y. 238; *Bieling* v. *City of Brooklyn*, 120 id. 106; 1 Dillon on Mun. Corp. §§ 89, 207; *People* v. *Bedell*, 2 Hill, 196.)    The post of city surveyor is an office. (*Collins* v. *Mayor, etc.*, 3 Hun, 680; *Hurly* v. *Mayor, etc.*, 5 Bing. 91; *Rowland* v. *Mayor, etc.*, 83 N. Y. 372; *Robinson* v. *Chamberlain*, 34 id. 389; *In re Hathaway*, 71 id. 243; *Gregory* v. *Mayor, etc.*, 113 id. 116.)    The post of assistant engineer is an office. (Laws of 1882, chap. 410, § 317.)    Accepting the office of assistant engineer, in violation of section 55 of the Consolidation Act, vacated that office as well as that of city surveyor. (Laws of 1882, chap. 410, § 55.)    Even if the terms of section 55 of the Consolidation Act were not explicit, section 59 of that act bars plaintiff's recovery. (Laws of 1882, chap. 410, § 59; *Mullaly* v. *Mayor, etc.*, 3 Hun, 665; 62 N. Y. 636; *Fitch* v. *Mayor etc.*, 40 id. 512; *McAdam* v. *Mayor, etc.*, 36 Hun, 340.)

*L. Laflin Kellogg* for respondent.    The city surveyorship is not a public office, for the reason that there is no authority in law for the creation of such an office. (*In re Douglass*, 46 N. Y. 44; Laws of 1869, chap. 876, § 11; Laws of 1882,

chap. 410, § 316.) The city surveyorship is not a public office within the meaning of section 55 of the Consolidation Act. (*People* v. *Duane,* 121 N. Y. 375 ; *In re Hathaway,* 71 id. 238 ; *U. S.* v. *Hartwell,* 5 Wall. 385 ; *U. S.* v. *Germaine,* 99 U. S. 508 ; *People* v. *Nostrand,* 46 N. Y. 381 ; *McDonald* v. *Mayor, etc.,* 32 Hun, 91.) The appointment as assistant engineer vacated the appointment as city surveyor. (*People* v. *Green,* 58 N. Y. 301 ; *People* v. *Nostrand,* 46 id. 381.) There is no proof of abandonment in this case. (*Fitzsimmons* v. *Mayor, etc.,* 102 N. Y. 536.) There is no question of set-off. (*Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536.) The admission in evidence of the judgment-roll in the action of Wardlaw against the Mayor, etc., to recover $390 was proper. (*Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 538 ; *Lethbridge* v. *Mayor, etc.,* 39 N. Y. S. R. 385.) The right to recover for suspended salary is well recognized. (*Gregory* v. *Mayor, etc.,* 113 N. Y. 416 ; *Emmett* v. *Mayor, etc.,* 38 N. Y. S. R. 907 ; *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 538.) The direction of a verdict was proper, and both parties having requested the court to direct in their favor, neither one can complain that the case was not left to the jury. (*Winchell* v. *Hicks,* 18 N. Y. 565 ; *Colligan* v. *Scott,* 58 id. 671 ; *Provost* v. *McEncroe,* 102 id. 650.)

O'BRIEN, J. The plaintiff's intestate was, on the first day of June, 1885, appointed assistant engineer in the department of public works of the city of New York. The salary of the place was fixed at $1,500 per year which, on January 1, 1886, was increased to $1,800. He was paid the stipulated salary up to July 23, 1886, when the commissioner of public works addressed to him a communication in writing as follows : "Notice of suspension as assistant engineer in the department of public works is hereby served on you, the same to take effect on and after July 31, 1886." The recovery in this case was for the salary subsequent to this date, and to January 30, 1890, on which last-named date the commissioner addressed to him another communication in writing as follows :

" SIR.—Understanding from the counsel to the corporation that you claim to be still in the employ of the department as an assistant engineer, and, without admitting the fact to be so, I desire to set at rest all doubt on that point by discharging you from and after this date, which I hereby do."

The original plaintiff died while the action was pending and the present plaintiff, his widow and administratrix, was substituted. The commissioner had power to discharge assistant engineers in the department at pleasure and the plaintiff's contention is that this conceded power was not exercised as to her intestate, until he received the last communication. It does not follow that because the commissioner in his first letter used the term " suspended " instead of " discharged " that he did not intend to terminate the employment as assistant engineer and to create a vacancy in the office if it be one, nor does it follow that Wardlaw did not understand from this communication that his services were no longer required as an assistant engineer. The commissioner had the power to dismiss or discharge and no particular form of words was necessary in order to accomplish that result. If he intended to and did communicate to the employee the fact that his services in that capacity were no longer required and this was so understood by both parties, then a discharge was effected as completely as if the word had been used. The plaintiff admits that the letter of January 30, 1890, operated to discharge her intestate and no claim is made for salary after that date. But the commissioner had the same power to discharge on the 23d of July, 1886, and there is every reason to believe from the facts and circumstances of the case that he intended to exercise it in the one case as much as in the other. He used the word *suspended* in the first letter and after being informed that there was a claim made that a dismissal was not thereby accomplished he used the word *discharged* in the second. If, however, Wardlaw understood from the first letter that his services were no longer required as an assistant engineer and that compensation was no longer to be paid to him in that capacity and that such was the purpose of this notice from the com-

missioner and both parties acted accordingly, then the first notice operated to terminate the employment, though it was called a supension instead of a dismissal. It appears from the record that between July 31, 1886, and January 30, 1890, the period during which it is claimed that the plaintiff's intestate was holding the office of assistant engineer and entitled to the salary attached to it, though actually performing no duty of that office he was in the service of the city, under the direction of the commissioner of public works, in another capacity. He was performing the duties of a surveyor in laying out, regulating and grading streets, and possibly in other respects when his services were required. It is stated by the learned counsel for the defendant that he received during the period when it is claimed he was suspended a sum of money considerably in excess of what he would have been entitled to during the same time at the salary of an assistant engineer. This is denied by the learned counsel for the plaintiff who insists that a large part of the money paid to his client for this work was used to defray the expense of performing it and that the net sum received was comparatively small. There is proof in the case that after the letter of July 23, 1886, Wardlaw was employed as a surveyor in the capacity above mentioned by the commissioner, that he accepted such employment and was paid a large sum of money therefor. Whether more or less than he would have received as assistant engineer it is perhaps impossible upon the record to say, as the expenses, if any, were not shown or deducted from the gross receipts in order to show the net income from such employment. That question was not tried. One of the defenses contained in the answer is that Wardlaw was in fact discharged on the 31st of July, 1886, and that he acquiesced in such discharge and accepted other and different employment from the defendant. At the close of the case the defendant's counsel asked to go to the jury upon the question whether the acceptance of such employment from the city, though in another capacity, and the receipt of the compensation therefor during the period for which salary was claimed,

was not an abandonment of the office of assistant engineer and a relinquishment of the salary thereof for the other employment. The court refused this request and defendant's counsel excepted. The first letter may not, in a technical sense, have been a good or sufficient discharge. Had the parties understood it as merely a suspension with the right of the incumbent to draw the salary during the suspended period and had Wardlaw stood upon this ground, then this claim would be much stronger than it appears to be. But if the commissioner furnished him other employment and he accepted it, in lieu of the place of assistant engineer, that would amount to an abandonment of the latter place and a relinquishment of the right to the salary. Whatever may have been the effect of the first letter standing alone and construing it entirely from the language used, yet if the parties treated it as a discharge and entered into new relations and voluntarily terminated or abandoned those formerly existing, the plaintiff must be deemed to have waived his right to insist upon payment of the salary of assistant engineer and to have vacated the office. It was competent for all the parties to treat the first letter as a discharge, and it is inferable from the subsequent letter of the commissioner that he considered it as such. If the plaintiff, without objection or protest, accepted other employment from the commissioner and was paid therefor, this conduct on his part might justify the inference that he construed it in the same way or elected to abandon the place for some other position or employment. We have not overlooked the admission that appears in the case that Wardlaw, after what is called the letter of suspension, offered his services to the defendant and notified the proper officer that he was ready to go to work. That circumstance is doubtless entitled to proper consideration, but is not conclusive as to the fact of discharge or abandonment. The question still remains whether, at the time he ceased to perform duty as assistant engineer and accepted the other employment, there was any intention on his part to insist upon performing the duties of that office and drawing the salary,

upon the ground that the first letter amounted to a mere suspension and not a discharge, and whether that intention was communicated in any way to the commissioner. It may be assumed that had the commissioner supposed that was to be his attitude he would not put him in a position to draw other moneys from the city for services, and would have promptly removed all doubt as to his discharge by doing then what he did nearly four years later. It was, therefore, we think, a question of fact for the jury to determine upon the letters of the commissioner, the conduct of the parties, and all the facts and circumstances of the case, whether the so-called letter of suspension was not in fact intended as a termination of the relations of Wardlaw with the department, as assistant engineer, and was not so understood by him, and whether his subsequent conduct and action did not amount to an abandonment of the office, if there was not a technical discharge. It was not competent for the court to determine as matter of law, from the facts and circumstances appearing in the record, that Wardlaw's position as assistant engineer and his legal right to the salary were unaffected by the letter and his subsequent relations with the defendant, and it was error to refuse to allow the jury to pass upon the question. An officer suspended from the performance of the duties of his office by the appointing power, but not removed, is entitled to the salary of the office during the period of the suspension. (*Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536; *Emmitt* v. *Mayor, etc.,* 128 id. 117; *Gregory* v. *Mayor, etc.,* 113 id. 416; *Lethbridge* v. *Mayor, etc.,* 133 id. 232.)

But the suspended officer may waive that right by express agreement or by conduct from which such an agreement or intention on his part may be fairly and reasonably inferred. When he accepts other employment from the appointing or removing power at larger compensation, the inference that there was an intention on his part to abandon the first position would seem to be strong, but even though the compensation in the new position be less, it might still be a question of fact whether he intended to abandon a position from which he could at any time be removed for another that promised more

permanent employment, or at least was quite as certain in its tenure or duration. The defendant was deprived by the ruling of the learned trial judge of the right of submitting the facts and circumstances in the case bearing upon this point for the opinion of the jury. They might also be considered upon the issue as to whether Wardlaw had been in fact discharged on the last of July, 1886. The letter of July twenty-third was not so conclusive in its legal effect or meaning as to exclude the conduct of the parties at the time and subsequently from the consideration of the jury. If Wardlaw's subsequent conduct and relations with the city or its officers were such as to justify fairly the conclusion that he had accepted the new employment in place of the old, it might serve to interpret the letter in an inquiry as to whether it was intended and understood on both sides as a dismissal.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment affirmed. _____