1899.] People ex rel. Steinson *v.* Bd. of Education. **125**

N. Y. Rep.]                    Statement of case.

that we should recognize the obligation of the husband to support the wife to be as meritorious as the obligation of the parent to support the child, and, if this contract could be regarded in that light, I might be prepared to extend to the present case the principle of the cases referred to. But, as previously suggested, the relationship between the parties here does not help us out in endeavoring to find support for the plaintiff's cause of action; for the reason that the contract, which is sought to be enforced, does not bear upon the husband's obligation and is not connected with it, but simply provides for the payment of a sum of money as a compensation for his services in the event of success.

In view of the more elaborate discussion in the opinion below, I think nothing more need be said and that the order should be affirmed.

Haight, Martin and Vann, JJ., concur with Bartlett, J., for reversal. Parker, Ch. J., and O'Brien, J., concur with Gray, J., for affirmance.

Order reversed, etc.

---

The People of the State of New York ex rel. George Steinson, Appellant, *v.* The Board of Education of the City of New York, Respondent.

1. Mandamus — Refusal, on Ground of Laches, of Writ to Reinstate Teacher in New York City Public Schools. Where, after the refusal of renewal of license to a teacher by the New York city superintendent of schools has been declared unlawful by the state superintendent of public instruction, an application for a mandamus to compel the city board of education to pay the amount of the relator's salary as teacher has been denied, with an indication that he has an adequate remedy at law to recover his salary if legally entitled thereto, the prosecution of unsuccessful appeals affords no adequate excuse for a delay of six years in applying for a peremptory mandamus to compel the board of education to reinstate the relator in the position of teacher; and it is competent for the court, in the exercise of its discretion, to refuse the writ, because of such delay in applying for it.

2. Appeal — Discretionary Refusal of Mandamus. The Court of Appeals is not at liberty to review an order refusing a writ of peremptory

mandamus, where, even if a case was made out in which a peremptory writ might have been issued, the court below had a discretionary power upon the facts to refuse it.

*People ex rel. Steinson* v. *Bd. of Education,* 20 App. Div. 452, affirmed.

(Argued January 9, 1899; decided January 24, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 17, 1897, affirming an order of Special Term denying a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Tompkins McIlvaine* for appellant. The relator has not been guilty of *laches ;* ·a mistake of remedy is not *laches.* (12 Am. & Eng. Ency. of Law, 533, 558; *Boardman* v. *L. S. & M. S. R. Co.,* 84 N. Y. 157; *Cox* v. *Stokes,* 156 N. Y. 491; *Matter of Taxpayers,* 157 N. Y. 78; *P. Railroad* v. *M. P. R. Co.,* 111 U. S. 505; *Comins* v. *Culver,* 35 N. J. Eq. 94; *Monroe* v. *Delevan,* 26 Barb. 16; *Platt* v. *Platt,* 58 N. Y. 646; *McMurray* v. *McMurray,* 66 N. Y. 175.)

*Theodore Connoly* and *Terence Farley* for respondent. The *laches* of the relator in delaying for over seven years to institute this proceeding was sufficient to justify the court below in denying his motion. (*People ex rel.* v. *Common Council of Syracuse,* 78 N. Y. 56; *People ex rel.* v. *Chapin,* 104 N. Y. 102; *People ex rel.* v. *Justices, etc.,* 78 Hun, 334; *People ex rel.* v. *Collis,* 6 App. Div. 467; *People ex rel.* v. *McCartney,* 28 App. Div. 138; *Matter of McDonald,* 54 N. Y. Supp. 525.)

GRAY, J. The relator applied to the Special Term for a peremptory writ of mandamus, commanding the respondent to reinstate him in his position as teacher in the public schools in the city of New York. The application was denied and the order thereupon entered was affirmed at the Appellate Division.

It appears that, in 1886, the relator received a certificate

from the state superintendent of public instruction authorizing him to teach in any public school within this state. Subsequently, there was issued to him by the city superintendent of schools in the city of New York a provisional license, to teach in the public schools of that city for a period of six months and, thereafter, he was appointed to be an assistant teacher in one of the grammar schools of the city. Renewals of the license were granted to him from time to time for periods of six months, until March, 1890; at which time a further renewal was refused. An appeal being taken by the relator to the state superintendent of public instruction, he obtained a decision from that officer declaring the action of the city superintendent, in refusing a renewal, to be unlawful. Thereupon, and in January, 1891, he applied for a peremptory writ of mandamus requiring the defendant to pay to him the amount of his salary. The application was denied and the denial was affirmed at the General Term; the latter court pointing out in its opinion that mandamus was not the proper remedy, as the relator had an adequate remedy at law to recover his salary, if legally entitled to it. This latter decision was made in June, 1891. An appeal was taken to the Court of Appeals; but the same was not brought on for hearing until 1896, when the order appealed from was affirmed upon the opinion of the General Term. A few months later the present proceeding was begun, to secure the relator's reinstatement in his former position of teacher.

Upon these facts, showing a delay of about six years in instituting the present proceeding, the relator was chargeable with a *laches*, which was not shown to be excusable. He had been advised in the prior proceeding as to his mistake in the remedy selected. It was incumbent upon him, if he desired to avail himself of the present remedy, to proceed without unreasonable delay and not having done so, but having persisted in prosecuting the other remedy by way of two appeals, it was quite competent for the court below, in the exercise of its discretion, to deny the application for this writ because of the delay of the relator in applying for it. The right to a

mandamus was not at all clear ; but, even assuming that a case was made out in which a peremptory writ might have been issued, the court had a discretionary power upon the facts to refuse it ; in which case we should not be at liberty to review the order. (*People ex rel. D. L. I. Co.* v. *Jeroloman*, 139 N. Y. 14 ; *People ex rel. Slavin* v. *Wendell*, 71 N. Y. p. 172.) If we look at the opinion of the Appellate Division, which we may not do in order to discover the grounds upon which the affirmance of the order was placed, we have confirmation of our view that the relator's *laches* was deemed such as to justify the court in denying his application, inasmuch as that is the only proposition there discussed.

The order should be affirmed, with costs.

All concur, except PARKER, Ch. J., not sitting.

Order affirmed.