(153 App. Div. 429.)

FINIGAN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   November 15, 1912.)

JUDGMENT (§ 715*)—RES ADJUDICATA—MANDAMUS.

A final determination on the merits for defendants, in mandamus to compel the reinstatement of the relator as a school-teacher by a board of education, would conclude such relator from bringing an action for an unpaid balance of salary for employment during the same period for which she sought reinstatement, as her status as a school-teacher is a material question in both proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1247; Dec. Dig. § 715.*]

Appeal from Special Term, Kings County.

Action by Rose M. Finigan against the Board of Education of the City of New York.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

The following is the opinion at Special Term of Maddox, J.:

Plaintiff seeks to recover an alleged unpaid balance of salary as a school-teacher, which balance is the difference between that which she received and that which she claims to have been entitled to as an incident to her said employment from January 1, 1903, to July 1, 1904.   The defendant, after denying its liability, by a separate and special defense pleads in bar to plaintiff's right of recovery here the final determination upon the merits of a proceeding instituted by her as the relator for an alternative writ of mandamus commanding her reinstatement by the defendant to the same employment she now claims to have held during the aforesaid period of time, for the services in which said employment she here seeks to recover said unpaid balance of salary.   Plaintiff demurs to said separate defense, on the ground that "it is insufficient in law upon the face thereof," and her counsel cites the Steinson Case, 49 App. Div. 143, 63 N. Y. Supp. 128, affirmed 165 N. Y. 431, 59 N. E. 300, as conclusive on that proposition.

Plaintiff held no office.   Her relation as school-teacher with the defendant was contractual, that of an employé, though as an employé the school-teacher's rights are protected by statutory provisions.   There can be no doubt, I take it, that a final determination upon the merits in a mandamus proceeding concludes the parties thereto upon all material issues involved.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therein, for, as said in People ex rel. McCabe v. Matthies, 179 N. Y. 242. 248, 72 N. E. 103, 104, " * * ' * it is well established that, where a matter has been submitted to an authorized judicial tribunal, its decision is final between the parties until it has been reversed, set aside, or rejected; and the rule of res adjudicata applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination."

Referring to the separate defense here under consideration, it will be seen that defendant alleges that the final determination in plaintiff's alternative writ of mandamus proceeding was upon the merits, and consequently all questions here which were material to and determined in that proceeding are res adjudicata as between the parties in that proceeding, who are the parties to this action. The views here expressed are not in conflict with the holding in the Steinson Case, since in the Steinson mandamus proceeding, an application for a peremptory writ, the determination was not on the merits, but on the ground of the relator's laches (see People ex rel. Steinson v. Board of Education, 158 N. Y. 127, 128, 52 N. E. 722), and in the Steinson action, 165 N. Y. 431, at page 434, 59 N. E. 300, at page 301, Judge Landon, speaking for the court, said: "Mandamus would not lie as of strict right, and might be refused in the discretion of the court; hence the former denial of that remedy"—referring to the mandamus proceeding—"does not bar the present action."

From a careful consideration of the complaint and answer, it appears that plaintiff's status as a school-teacher will be one of the questions presented in this litigation, and, if that be so, the special defense is sufficiently well pleaded, and the demurrer should therefore be overruled.

Judgment accordingly for defendant, with costs.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, CARR, WOODWARD, and RICH, JJ.

David Ross, of New York City, for appellant.

Archibald R. Watson, Corp. Counsel, of New York City, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of Mr. Justice Maddox at Special Term.

JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ., concur.