THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY
  E. FLYNN, as Administrator of WILLIAM H. FLYNN,
  Deceased, Appellant, *v.* ARTHUR H. WOODS, as Com-
  missioner of Police of the City of New York,
  Respondent.

Mandamus — when Court of Appeals may look into opinion
of Appellate Division to ascertain why application for man-
damus was denied and hold that order of denial is appealable —
suspension of police officer, charged with a crime, without pay
pending trial of the charge against him — when administrator of
deceased policeman entitled to mandamus to compel payment of
policeman's salary during his suspension.

1. When an order of the Appellate Division denying an applica-
tion for a writ of mandamus fails to indicate whether it was denied
as a matter of law or in the exercise of discretion this court may look
into the opinion to ascertain upon which ground it based its decision,
and if it appears therefrom that the application was denied solely as
a matter of law, the order is appealable.   (Code Civ. Pro. § 1237.)

2. A police officer of the city of New York was charged with hav-
ing committed a crime and was suspended by the police commis-
sioner without pay pending trial of the charge.   He was indicted
for the offense and his counsel requested and obtained a postpone-
ment of his trial before the commissioner until after his trial on the
indictment.   His first trial resulted in a disagreement of the jury,
and before the conclusion of the second trial he died.   His adminis-
trator applied for a writ of mandamus to compel payment of his
salary during the time of his suspension, under the charter provision
that if any member of the police force suspended without pay pend-
ing the trial of charges shall not be convicted by the police commis-
sioner of the charges so preferred he shall be entitled to full pay from
the date of suspension notwithstanding such charges and suspen-
sion.   (New York Charter, L. 1901, ch. 466, § 292.)   *Held*, that the
right to pay was not to be forfeited merely by suspension, but only
in the event that suspension should be followed by conviction.   The
fact that the accused officer requested trial of the charge before the
commissioner to be delayed until after the determination of the
criminal charge cannot be considered as the equivalent of a subse-
quent conviction; hence, the application should be granted.

  *People ex rel. Flynn* v. *Woods*, 169 App. Div. 649, reversed.

  (Argued April 11, 1916; decided May 2, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1915, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendant to certify so much of the payroll of the police department of the city of New York as concerns the salary of the relator's intestate as patrolman, and denied said motion.

The facts, so far as material, are stated in the opinion.

*Charles Caldwell* for appellant. A policeman suspended from the performance of the duties of his office by the appointing power, but not removed, is entitled to the salary of the office during the period of suspension. (*Wardlaw* v. *Mayor*, 137 N. Y. 200; *Lethbridge* v. *Mayor, etc.*, 133 N. Y. 232; *Riley* v. *City of New York*, 185 N. Y. 141.) The claim of respondent that Patrolman Flynn's request for an adjournment of his trial before the police commissioner on charges pending the outcome of the criminal proceedings against him deprives him of his salary is not tenable. (*People ex rel. Allen* v. *Welles*, 14 Misc. Rep. 228.) Had Patrolman Flynn been tried and acquitted of all charges no one would think of disputing his right to salary during the period of suspension; and as he died without having been convicted the presumption in law of his innocence must prevail. (*Guidet* v. *N. Y., etc., R. R. Co.*, 120 N. Y. 649; *Blatz* v. *Rohrbach*, 116 N. Y. 450.) The relator is clearly entitled to have the police commissioner certify the payroll of the police department so far as concerns the salary of said William H. Flynn from the date of his suspension without pay to the date of his death. (*Halpin* v. *City of New York*, 54 Misc. Rep. 128; *People ex rel. Nugent* v. *Police Comr.*, 114 N. Y. 245; *Matter of Elder* v. *Bingham*, 118 App. Div. 25; 189 N. Y. 509; *People ex rel. Cassidy* v. *Roosevelt*, 7 App. Div. 144; *Emmitt* v. *Mayor, etc.*, 126 N. Y. 117; *Fitzsimmons* v.

*City of Brooklyn,* 102 N. Y. 536; *O'Hara* v. *City of New York,* 46 App. Div. 518; 167 N. Y. 567; *Reidy* v. *City of New York,* 185 N. Y. 141; *Wardlaw* v. *Mayor, etc.,* 137 N. Y. 194; *People ex rel. Frost* v. *B. R. Co.,* 61 App. Div. 494; 168 N. Y. 187.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley, John F. O'Brien* and *Elliot S. Benedict* of counsel), for respondent. The order of the Appellate Division is not appealable to this court for the reason that it does not appear that the application was denied as a matter of law and not in the exercise of the discretion of the court. (*People ex rel. McGuiness* v. *McAneny,* 211 N. Y. 535; *Matter of Winters* v. *Prendergast,* 211 N. Y. 536; *Matter of Shepard* v. *Strauss,* 215 N. Y. 624.) Section 292 of the charter did not contemplate the payment of arrears of salary to a police officer whose pay had been withheld under such circumstances as appear in this case. (*Halpin* v. *City of New York,* 54 Misc. Rep. 128; *People ex rel. T. T. S. Ry. Co.* v. *Comm. of Taxes,* 95 N. Y. 554; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *People ex rel. Huntington* v. *Creman,* 141 N. Y. 239; *People ex rel. Gress* v. *Hilliard,* 85 App. Div. 507; 176 N. Y. 604.)

SEABURY, J. This appeal presents the question whether the police commissioner of the city of New York should be required to certify to the comptroller of the said city the payroll of the police department of that city so far as it concerns the salary of Patrolman Flynn from the 12th day of March, 1914, to the 20th day of April, 1915, in the sum of $1,536.

The facts are undisputed. On March 11th, 1914, Flynn, a patrolman in the police department, was charged with shooting a citizen and arresting a citizen upon a false charge. Upon the making of said charges Flynn was suspended without pay. The hearing upon the charge was adjourned. Prior to the date of adjournment Flynn

was indicted for assault in the first degree upon the facts which formed the basis of the main charge before the police commissioner. After indictment Flynn through his attorney requested that action upon the charge pending before the police commissioner should be deferred until the determination of the criminal charge. This request was granted and the hearing before the police commissioner was postponed. In December, 1914, Flynn was tried upon the indictment. Upon the trial the jury disagreed. The second trial was set for April, 1915, and after the trial had been commenced, but before the jury was selected, Flynn died. During the period of his suspension, the accused officer did not engage in any other occupation or earn any other compensation. During this whole period he was required to and did report at the station house daily. It is not claimed that any one was appointed to his place. Not having been convicted upon the charges pending before the police commissioner, his administrator brings this proceeding to recover that portion of Flynn's salary which would have been paid to him if he had not been suspended from March 12th, 1914, to the date of his death on April 20th, 1915.

On behalf of the respondent it is insisted that the order of the Appellate Division is not appealable to this court because the order does not state that the application was denied as a matter of law and not in the exercise of discretion. Where the order of the Appellate Division makes it clear that the application was denied as a matter of law and not in the exercise of discretion the order is appealable to this court. Where the order does not state upon what ground the decision is based, and the writ may have been refused as a matter of discretion the order is not the subject of review. (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495; *People ex rel. Steinson* v. *Board of Education*, 158 N. Y. 125.) Before the recent amendment to section 1237 of the Code of Civil Procedure the Court of Appeals was not at liberty

to look into the opinion of the Appellate Division for the ground upon which it refused the writ of mandamus. (*People ex rel. Jacobus* v. *Van Wyck, supra.*) Since that amendment' the order appealed from may be considered in the light of the opinion of the Appellate Division. (*Richards* v. *Wells Fargo Express Co.*, 215 N. Y. 351, 355, 356.) Where the order does not state the ground of the decision, but it appears from the opinion of the Appellate Division that the order was denied as a matter of law and not in the exercise of discretion, the order is appealable to this court. In the present case, while the order is silent upon the subject and fails to indicate whether the application was denied as a matter of law or in the exercise of discretion, it is evident from the opinion of the court that the application was denied solely as a matter of law and not in the exercise of discretion. It is, therefore, an order which is appealable to this court. (*People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570.)

The claim of the relator is based upon section 292 of the Greater New York charter. So much of that section as is relevant to the question presented for determination provides as follows: " He (the police commissioner) shall have power to suspend without pay, pending the trial of charges, any member of the police force. If any member of the police force so suspended shall not be convicted by the police commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension notwithstanding such charges and suspension."

It does not seem to be disputed that according to the letter of this section the relator is entitled to recover, but it is claimed by the learned counsel for the respondent that under the circumstances shown to exist in this case the claim of the relator is not within the spirit or true meaning of the section of the charter referred to above. This latter view has received the sanction of the learned Appellate Division. In support of this view it is said that

the statute in question was enacted for the benefit of the members of the police force who had been suspended under charges and to protect them from the possible injustice of being suspended indefinitely without pay and without being afforded an opportunity of an acquittal, and that the suspension having been made at the request of the accused officer " the test, which, under the statute was to determine whether or not the suspended officer was to be paid his salary was made impossible, by this officer's own act in requesting a postponement of his trial, and by his death before the event occurred." We think that there is nothing in any of these circumstances which justify failing to give effect to the provision of the statute. The mere charge against the officer carried with it no implication of guilt. He was presumed to be innocent of the charge made against him. Having been indicted, his request to the police commissioner for a postponement of the trial of the charges pending before that official until the determination of the criminal charge was not an unreasonable request. The police commissioner was not required to grant the request, but he did so, evidently regarding it as reasonable and proper. The fact that the accused officer was suspended without pay upon his own request until the determination of the criminal charge against him, of itself did not operate to make the provision of the charter inapplicable. That section of the charter contemplates that when one is suspended without pay and shall not be convicted by the police commissioner, he shall be entitled to pay from the date of suspension. Both the letter and the spirit of the statute make it clear that the right to recover pay shall be forfeited only in the event of a conviction. The fact that an adjournment of the trial before the police commissioner was had upon the request of the accused officer for reasons which the police commissioner deemed proper and sufficient, cannot fairly be considered as equivalent to a subsequent conviction. Nothing occurred after the accused officer was

9

suspended which operated to put him in a more disad-
vantageous position than he was in at the time of his sus-
pension.   It is plain from the statute that the right to
pay was not. to be forfeited merely by suspension, but
only in the event that suspension should be followed by
conviction.   If the fact that the accused officer requested
suspension itself operates to forfeit the right to recover
pay, then the accused could not recover his back pay even
if he was subsequently acquitted of the charges.   Such
an interpretation would deprive the statute of any rea-
sonable meaning.   Suspension from the performance of the
duties of an office does not itself work a forfeiture of the
right to the salary attached to the office during the period
of suspension.   (*Wardlaw* v. *Mayor, etc., of N. Y.*, 137
N. Y. 194, 200.)   Nor does the death of the officer during
the period of suspension preclude the legal representative
of the deceased officer from recovering the salary which
would have been payable to the suspended officer if he
had lived.   The construction·of the statute contended for
by the respondent puts a more limited meaning upon it
than we think the legislature intended it should have.
That section of the charter vests the power to suspend in
the police commissioner and provides that if the officer so
suspended " shall not be convicted by the police commis-
sioner," etc., he shall be entitled to recover his back pay.
There is no suggestion either in the language of the
statute or in the reasons which prompted its enactment
that indicates that it should become inoperative if the
police commissioner suspended the accused officer at his
request.   If the accused officer had been suspended by
the police commissioner upon his own motion and not at
the request of the accused and the accused died before
the date set for the trial, it is evident that his back pay
could be recovered.   The question presented for deter-
mination, therefore, narrows itself to the inquiry whether
an accused officer forfeits the right to recover back pay
because he requests suspension during the pendency of

the charge against him. We are of the opinion that a forfeiture cannot be predicated upon such a circumstance. A charge having been made against an officer and an indictment having been based upon the same charge, there was no impropriety in the accused asking that he be suspended until the charge was determined and that his trial before the police commissioner should await the determination of the criminal charge. In making this request the accused only asked what the statute permitted the police commissioner to grant. The request of the accused would have been ineffective unless the police commissioner had sanctioned and ordered the suspension. The suspension was not less the act of the police commissioner because it was made upon the request of the accused officer. Whether the suspension was by the police commissioner upon his own motion or upon the request of the accused is immaterial. In either event the right to recover full pay from the date of the suspension was not lost unless the accused was subsequently convicted by the police commissioner.

It is urged that the statute was never intended to apply to a case "in which an accused officer has by his own act, and for his own advantage, created a condition under which he could never be convicted or acquitted of the charge against him." This is doubtless true, but there is nothing in the fact that the police commissioner suspended the accused upon his request, rather than upon his own motion, which created a condition under which the accused could not be either convicted or acquitted of the charge against him. The fact which prevented the final determination of the charge against the accused was his death, and that fact did not destroy the right to his salary which had accrued prior to that time. The act of suspension was the act of the police commissioner, not the act of the accused. It rested entirely in the discretion of the police commissioner whether or not he would suspend the accused. It was competent for him to impose any

lawful condition which he might regard as proper, with a view to requiring a prompt disposition of the pending charge. We find nothing in the circumstances of this particular case which requires or justifies the application of a different rule from that prescribed in the statute. The accused was not tried before the police commissioner because that official for good reasons adjourned his trial until the determination of the criminal charge pending against him. It does not appear that the accused in any way delayed the trial of the indictment. So far as appears from the record, the trial of the indictment was moved regularly and in due course. The jury failed to convict the accused. A date was then set for a second trial of the case. During all this time nothing transpired which destroyed the presumption of the innocence of the accused officer. Upon the date of his death he was, in the eye of the law, innocent of any offense, and had been suspended from duty, not for any fault upon his own part, but merely because an undetermined charge was pending against him. Under the circumstances disclosed the relator is entitled to the relief which he seeks.

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the order of the Special Term is affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN and POUND, JJ., concur; CUDDEBACK, J., dissents.

Order reversed, etc.