RICHARD J. HEINEMANN, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, July 7, 1921.

Civil service — special agent in Excise Department — Excise Commissioner has authority to dismiss where no appropriation made for salary — letter of Commissioner constituting notice of dismissal — power of Commissioner to hire and discharge special agents at will.

The term of employment of a special agent in the Excise Department who was not appointed for any definite term beyond the probationary period and who is not protected by section 22 of the Civil Service Law was terminated by a letter written to him by the State Commissioner of Excise as follows: " I hereby notify you that no appropriation was made for

your salary as special agent or for that of any other special agent in this department after March 31, 1920."

The Commissioner has power under section 7 of the Liquor Tax Law to hire and discharge special agents at will.

APPEAL by the claimant, Richard J. Heinemann, from an order, determination and judgment of the Court of Claims, entered in the office of the clerk of said court on the 20th day of January, 1921, dismissing the claim of the claimant upon the merits.   (See 114 Misc. Rep. 265.)

*Edward J. Halter,* for the appellant.

*Charles D. Newton,. Attorney-General [A. A. Armitage* and *Carey D. Davie* of counsel], for the respondent.

KILEY, J.:

Claimant took a civil service examination, was placed upon the eligible list, from which he was appointed May 11, 1915, by the State Commissioner of Excise to the position of special agent in the Excise Department of the State; the appointment was for a probationary period of three months. No other appointment of claimant was made. The salary was at the rate of $1,000 per annum.   Section 7 of the Liquor Tax Law, fixing salaries, was amended by the Laws of 1918, chapter 569, so that the appointee serving for three years received thereafter $1,800 a year.   Of course, those salaries are provided for by an act of the Legislature in what is designated as an appropriation bill.   The Legislature made no appropriation for the salaries of special agents, of whom claimant was one, beyond March 31, 1920.   On March 10, 1920, the State Excise Commissioner wrote to claimant with reference thereto as follows: " I hereby notify you that no appropriation was made for your salary as special agent or for that of any other special agent in this department after March 31, 1920."   The claimant ceased to do work for the department after March 30, 1920, but refused to recognize the notice from the State Excise Commissioner as a termination of his services. Under section 7 of chapter 39 of the Laws of 1909 (Consol. Laws, chap. 34), being the Liquor Tax Law of 1909, as amended by chapter 281 of the Laws of 1909 and chapter 569 of the

Laws of 1918,* the State Excise Commissioner has power to hire and discharge special agents at will, except and unless they come under the class of appointees provided for in section 22 of the Civil Service Law (as amd. by Laws of 1910, chap. 264; since amd. by Laws of 1920, chap. 833). This claimant is not protected by that law. This claimant was not appointed for any definite term beyond the probationary term aforesaid. No provision is made by statute for a definite term, and consequently is governed by article 10, section 3, of the Constitution of the State of New York. The State Finance Law (§ 35; since amd. by Laws of 1920, chap. 613) provides that no State officer, employee, board, department or commission shall contract any indebtedness on behalf of the State, in excess of money appropriated or lawfully available for the purpose. I think it clearly appears that claimant understood that the notice from the State Excise Commissioner terminated his services. He immediately took employment with an insurance company at an increased salary. If his contention that his services were not terminated should prevail, then the fact that he took other employment would not operate to prevent his recovery (*Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536), provided it can be held that his appointment was for a definite term, which is not the case here, and is referred to only as a circumstance leading to a conclusion that he understood the notice of the Commissioner in the same light as it was understood by the Commissioner. No definite prescribed form of words is needed. (*Wardlaw* v. *Mayor, etc.,* 137 N. Y. 194; *Lethbridge* v. *Mayor, etc.,* 133 id. 232.) In *Martin* v. *Insurance Co.* (148 N. Y. 117) it was held that a contract for so much a year, without any definite term fixed, is an indefinite hiring, and may be terminated at will by either party. The judgment should be affirmed.

Judgment unanimously affirmed, with costs.

---

* Repealed by Laws of 1921, chap. 155.— [REP.