Van Voorhis, J. (dissenting).
The police officers in the Brenner action were acquitted of charges in the Court of Special Sessions of conspiracy under section 580 of the Penal Law in connection with their handling of persons charged with motor vehicle violations. The officer in the O’Neill action was acquitted of felonious assault charges in the Kings County Court. They were found guilty, however, after departmental trials in disciplinary proceedings conducted by the Police Department, fined 30 days’ pay and placed on probation for one year. In addition to this loss of pay, however, they have been required to forfeit from $4,330 to $6,230 apiece in loss of pay accruing over much longer periods while awaiting their departmental trials. The fines which could not exceed 30 days’ salary under section 434a-14.0 of the Administrative Code of the City of New York were thus trivial in comparison with their total losses. These actions are to recover plaintiffs’ pay while under suspension awaiting departmental trials. It seems to us that they should recover. The Police Commissioner had undoubted power to suspend, without pay, any member of the police force pending the trial of charges (Administrative Code, § 434a-20.0). Plaintiffs might have been discharged from the force as a result of the departmental trials, in which event they could not have recovered salary accruing after suspension. Upon the other hand, however, “ Suspension from the performance of the duties of an office does not itself work a forfeiture of the right to the salary attached to the office during the period of suspension. (Wardlaw v. Mayor, etc., of N. Y., 137 N. Y. 194, 200.) ” (People ex rel. Flynn v. Woods, 218 N. Y. 124, 130.) And in People ex rel. Ryan v. French (91 N. Y. 265) it was held that the salary of a patrolman of the police force of the City of New York is incidental to his office and that he is entitled to his entire salary as long as he possesses the title to the office. On this principle, it would follow as matter of law that unless these officers were removed from the force they are entitled to their salaries during *453 their periods of suspension subject only to forfeiting the maximum of 30 days’ salary permitted by section 434a-14.0 of the Administrative Code.
Section 884-1.0 of the Administrative Code directs that, except as otherwise provided by law, every head of an agency in New York City is empowered: “ In his discretion, to suspend for not more than one month without pay, any subordinate pending the hearing and determination of charges against such subordinate, or the making of any explanation, as the case may be. If the subordinate so suspended be removed, he shall not be entitled to salary or compensation after suspension. If he be not so removed, he shall be entitled to full salary or compensation from the date of suspension to the date of reinstatement, less such deduction or fine as may be imposed.” That section expressly entitles plaintiffs to the relief which they demand. No other or contrary disposition of their rights is made by section 434a-20.0 of the Administrative Code relating to suspension of members of the police force. That section states that ‘ ‘ If any member so suspended shall not be convicted by the commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension, notwithstanding such charges and suspension.” But this sentence neither adds to nor detracts from section 884-1.0 of the Administrative Code, which has been quoted, applicable to every head of an agency in New York City. Manifestly if the member of the police force is not convicted, he is entitled to full pay from the date of suspension. If he is convicted but is not removed from the force, he is not entitled to recover full pay from the date of suspension since an amount equivalent to not more than 30 days’ salary is deducted for the offense. Nothing in section 434a-20.0, or in any other provision of the Administrative Code, states that he shall not recover that much if he is not removed from the force. He cannot get full pay from the date of suspension in that event, since the amount of his fine must be deducted. He cannot recover any pay if he is removed. He is entitled to full pay from the date of suspension if he is acquitted. Nothing states, however, that, if he is fined but not removed, his maximum fine shall be multiplied many times for the reason that it has taken a long while for him to be reached for trial in the department. The direction that a member of the force shall receive full pay from the date of suspen *454 sion if he is not convicted of the departmental charges creates no inference that he is not to be paid anything for the period of suspension if he is convicted but not removed from the force. It may be inferred that, in such event, he is not entitled to full pay from the date of suspension, for the reason that the amount of his fine must be deducted. After deduction of the fine, however, the express language of the Administrative Code and the principles of law require that he be reimbursed during the period of suspension minus any fine which has been imposed.
The judgment appealed from should be reversed in each action, with costs in all courts, and judgment directed in favor of appellants for the relief demanded in the complaint after deducting the amounts of plaintiffs’ fines.
Chief Judge Desmond and Judges Burke and Foster concur with Judge Dye; Judge Van Voorhis dissents in an opinion in which Judges Fuld and Froessel concur.
In each action: Judgment affirmed.