In the Matter of DONALD J. SCORNAVACCA, Petitioner, *v.* HOWARD R. LEARY, as Commissioner of the Police Department of the City of New York, et al., Respondents.

First Department, December 3, 1974.

*Charles Sutton* of counsel (*Biaggi, Ehrlich & Lang,* attorneys), for petitioner.

*Bernard Abel* of counsel (*L. Kevin Sheridan* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for respondents.

LUPIANO, J. In this article 78 proceeding, petitioner (a patrolman in the Police Department) seeks review and annulment of the respondent Police Commissioner's determination finding him guilty of the charge and specification that he violated certain rules and procedures of the New York City Police Department (Rules and Procedures 2/37.1; 2/63.2) in that while escorting a prisoner, he wrongfully assaulted the prisoner. Petitioner also contends that he is entitled to full pay for the period of his suspension pending that determination.

The incident giving rise to the departmental charge occurred on August 30, 1968. On the same date, petitioner was suspended and was arrested in connection with the criminal charges also arising from the assault. The departmental charge and specification was filed September 6, 1968. Prior to the departmental hearing, petitioner was acquitted of the criminal charges on January 22, 1969 after trial in the Criminal Court. After the departmental hearing, the respondent Police Commissioner, in his determination dated October 6, 1969, found petitioner guilty and directed that he lose 14 days' vacation and be on probation for a period of one year.

Initially, it is observed that the determination under review is supported by substantial evidence and that the petitioner's assertion that dismissal of the departmental charge is mandated by his acquittal of criminal charges, and that the rules and procedures which he violated are subject, on their face, to constitutional infirmity, is without merit. The petitioner's remaining contention as to pay for the period of suspension remains to be considered. The governing provision is section 434a-20.0 of the Administrative Code which provides as follows: " The commissioner shall have power to suspend, without pay, pending the trial of charges, any member of the force. If any member so suspended *shall not be convicted* by the commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension notwithstanding such charges and suspension ". (Emphasis supplied.)

Thus, the statute clearly dictates that the *absence* of conviction on the departmental charge entitles the police force member to pay for the period of suspension; it does not proscribe entitlement to pay on some other basis. In *Brenner* v. *City of New York* (9 N Y 2d 447, 452), the Court of Appeals, in analogous circumstances, agreed " that the statute is satisfied so long as departmental charges are filed within a reasonable time after suspension and a trial is thereafter held ". This observation was embraced in an analysis which recognized that " the Commissioner is accorded a broad discretionary power without limitations " (*Brenner, supra,* p. 451). Recognition that charges must be filed within a reasonable time after suspension and, as a necessary corollary, that a trial must thereafter be held impels the conclusion that the statute does not bar payment simply because of the fact of conviction.

Further, the appellants in *Brenner* called attention to the fact that they were suspended, not *dismissed*. The Court of Appeals responded that " it would have been a simple matter

for the Legislature to have provided that if a member ' shall not be dismissed ' he shall be entitled to *full* pay '' (*Brenner, supra,* p. 451; emphasis supplied). However, we are not concerned with full pay, but with the troublesome issue of whether, under any circumstances, a person convicted of departmental charges can recover for any part of the period of suspension in excess of 30 days. In this context, the following statements of Judge VAN VOORHIS in his dissenting opinion in *Brenner* are imbued with vital relevance (p. 452) : " Plaintiffs might have been discharged from the force as a result of the departmental trials, in which event they could not have recovered salary accruing after suspension. Upon the other hand, however, ' Suspension from the performance of the duties of an office does not itself work a forfeiture of the right to the salary attached to the office during the period of suspension. (*Wardlaw* v. *Mayor, etc., of N. Y.,* 137 N. Y. 194, 200) ' (*People ex rel. Flynn* v. *Woods,* 218 N. Y. 124, 130.) And in *People ex rel. Ryan* v. *French* (91 N. Y. 265) it was held that the salary of a patrolman of the police force of the City of New York is incidental to his office and that he is entitled to his entire salary as long as he possesses the title to the office ''.

In *Matter of Stein* v. *Murphy* (44 A D 2d 796 [1st Dept., 1974], app. dsmd. 34 N Y 2d 984 [1974]), this court held, in effect, that the first 30 days of a suspension of a member of the police force is, as a matter of law, a reasonable time in which to file departmental charges and to determine same after a hearing (see the trenchant observations of STEUER, J., in his dissenting opinion in *Matter of Stein, supra*). Of course, holding that a 30-day period is reasonable does not prohibit a factual finding that a period in excess of 30 days may also be reasonable with regard to the totality of circumstances (see *Matter of Amkraut* v. *Hults,* 21 A D 2d 260 [1st. Dept., 1964], affd. 15 N Y 2d 627 [1964]). Indeed, in *Moquin* v. *Lowery* (35 A D 2d 661 [1st Dept., 1970]), the period of suspension of a supervising electrical inspector of the New York City Fire Department was 14 months, and the court held that, allowing a reasonable time for hearing and disposition, the inspector was entitled under the circumstances therein to back pay for 12 months.

The determination of the respondent Police Commissioner of the City of New York dated October 6, 1969 should be modified, on the law, without costs or disbursements, to the extent of remanding to Special Term the factual issues as to what extent petitioner was responsible for the delay beyond 30 days in reaching a determination on the departmental charge against

him and to what extent the delay is reasonable, and as so modified, the determination should be confirmed.

KUPFERMAN, J. (concurring). I concur in the result on constraint of *Matter of Stein* v. *Murphy* (44 A D 2d 796 [1st Dept., 1974]) appeal dismissed on the ground there was no final determination within the meaning of the Constitution (34 N Y 2d 984).

McGIVERN, P. J., NUNEZ and MACKEN, JJ., concur with LUPIANO, J.; KUPFERMAN, J., concurs in a separate opinion.

Determination of the respondent Police Commissioner, dated October 6, 1969, unanimously modified, on the law, without costs and without disbursements, to the extent of remanding to Special Term the factual issues as to what extent petitioner was responsible for the delay beyond 30 days in reaching a determination on the departmental charge against him and to what extent the delay is reasonable, and as so modified, the determination is confirmed.