---

### In re CANDIDATE OF DEMOCRATIC PARTY FOR STATE COMMITTEEMAN.

### In re TROMBLEY.

(Supreme Court, Appellate Division, Third Department. March 19, 1912.)

1. ELECTIONS (§ 154*)—NOMINATIONS AND PRIMARIES—CONTEST—JURISDICTON.
     Laws 1911, c. 891, § 55, as amended by Laws 1912, c. 4, provides that existing party committees are continued until their successors are elected, with power to make designations for the spring primaries in 1912, and that if there be no such committee for a district in which designations for

---

candidates for party positions for such primary may be made, a committee designation may be made by the state committee by resolution, of which a certified copy shall be filed with the Secretary of State. A state committee purporting to act thereunder provided, by resolution duly filed with the Secretary of State, that for the Thirty-Third senatorial district, for want of a senatorial committee, the state committeeman should be selected by a committee, composed of one representative selected by each of the county committees of the three counties in the district. Section 56 of the act of 1911 makes any action of a political committee relating to the right of any person to participate in a primary reviewable by summary proceedings upon the petition of any person aggrieved thereby. *Held*, on petition for review, that, as the determination of the county committees was made in the Fourth judicial circuit, a judge thereof had jurisdiction, even though the court should determine that the conditions did not exist which authorized the appointment of such committees.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

2. ELECTIONS (§ 120*)—CONSTRUCTION—REMEDIAL STATUTES.

The right of review given by Laws 1911, c. 891, § 56, relating to nominations and primary elections, is necessarily summary, and the court should not give it such a strict construction as to render it ineffectual.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 120.*]

3. ELECTIONS (§ 154*)—NOMINATIONS AND PRIMARY ELECTIONS—SENATORIAL DISTRICT—EXISTING COMMITTEE.

Evidence, in a contest between a party designated for state committeeman by a senatorial committee, such as under the law was authorized to make the nomination of a state committeeman, and a person designated by the state committee, *held*, in view of rule 3 of the general rules of practice as amended in 1910, authorizing the Appellate Division to look to the opinion of the court below to find the ground of decision in the absence of a statement in the order itself, sufficient to show that the senatorial committee was appointed with general powers, and as such, had the power to name a state committeeman.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

John M. Kellogg and Houghton, JJ., dissenting.

Petition by John B. Trombley to review the determination of the Secretary of State and the action of a political committee in the matter of the designation of John Anderson, Jr., as candidate of the Democratic party for state committeeman in the Thirty-Third senatorial district. From an order of Justice Henry T. Kellogg, sustaining the ruling of the Secretary of State and the designation of Anderson as state committeeman by the state committee, petitioner appeals. Reversed, and designation of Anderson declared irregular and unauthorized.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas F. Conway, for appellant.
Edgar T. Brackett, for respondent.

SMITH, P. J. By section 55 of the Election Law (Laws 1911, c. 891) as amended in 1912, party committees now existing are continued until their successors are elected, and are given power to make designations for the spring primaries in 1912. By the amendment of

this year it was further therein provided that, if there be no such committee for a district in and for which designations for candidates for public office and party positions for such primary may be made, a committee designation may be made as shall have been provided by the state committee, by resolution of which a certified copy shall be filed in the office of the Secretary of State. The state committeeman is elected from a senatorial district. Upon February 16, 1912, the Democratic state committee, assuming to act under section 55, as amended, provided that for the Thirty-Third senatorial district, for want of a senatorial committee, the state committeeman should be elected by a committee composed of three representatives selected by each of the county committees of the three counties composing said district. The three representatives were named by the several county committees and have designated John Anderson, Jr., as the state committeeman for the Thirty-Third senatorial district. This designation was filed in the office of the Secretary of State on the 5th day of March, 1912. Thereafter upon the same day a designation of John B. Trombley was filed in the office of the Secretary of State purporting to have been made by Nathan T. Hewitt and A. Z. De Long, claiming to be two of three members of a senatorial committee regularly appointed at the senatorial convention held in 1910. With these two nominations filed, the Secretary of State gave notice to the effect that he would put upon the primary ballot the name of John Anderson, Jr., as the nomination having been first filed in his office. This proceeding is brought under section 56 of the Election Law to summarily review both the determination of the Secretary of State and the action of the committee appointed by the several county committees of the district pursuant to the assumed authority given them by the Democratic state committee.

[1, 2] The first question raised is as to the jurisdiction of a judge in the Fourth judicial district to review a determination of the Secretary of State made, as it is claimed, in the Third judicial district. The contention that the act of the Secretary of State may be reviewed in the Fourth judicial district finds some support in the Fairchild Case, 151 N. Y. 359, 45 N. E. 943. If, however, the action of the Secretary of State be deemed to have occurred in the Third judicial district, and hence not reviewable in the Fourth judicial district, nevertheless the determination of this committee appointed pursuant to the direction of the state committee was made in the Fourth judicial district and should be there reviewed. The learned judge has put the denial of relief to the petitioner upon the ground that the writ to review the action of this committee is only given upon the assumption that it was a lawful committee, and if a lawful committee the nomination made thereby was valid. To this proposition I cannot agree. It is not claimed here that, if a senatorial committee existed, the state committee was authorized to direct the nomination of a state committeeman from the Thirty-Third district to be made by any other committee. It we hold that the facts establish the existence of a senatorial committee in that district, we must hold that the act of the committee appointed pursuant to a resolution of the state committee

was void. It does not follow, however, that the committee did not exist under the appointment regularly made by the Democratic state committee authorized by law to make the same in case of the non-existence of a senatorial committee, which fact was determined by the state committee. The committee, therefore, which nominated John Anderson, Jr., was an existing committee whose acts could be summarily reviewed under section 56 of the Election Law, even though upon review of its acts the court should determine that the conditions did not exist which authorized its appointment. Its determination, therefore, that such condition did exist, if such determination may be implied, and in any event its determination as to the appointment of a state committeeman, may in this proceeding by the special term in the Fourth district be adjudged void and of no effect. The right of review given by section 56 is necessarily summary, and the court should not unnecessarily circumscribe that right by a strict construction which would render it ineffectual. Within both the letter and the spirit of the act the remedy in the case at bar should be allowed to be pursued in the Fourth district, where all the parties interested in the controversy reside and all the transactions out of which the controversy arises have taken place.

[3] These considerations bring us to the fundamental question as to whether there existed in this senatorial district a senatorial committee which under the law was authorized to make a nomination of a state committeeman to represent that district. This fact was not determined by the judge below. By rule 3 of the general rules of practice, as amended in 1910, we are authorized to look to the opinion of the court to find the ground upon which the order was made in the absence of a statement of such grounds in the order itself. It is conceded by the affidavits of both parties that a senatorial committee was in fact created. · It is claimed on behalf of the respondent here that the power of that committee was limited to the filling of vacancies. Affidavits have been read on the part of the appellant to the effect that it was appointed generally. Newspaper accounts of the minutes of the convention given at the time of the convention would seem to indicate the appointment of a senatorial committee with general powers, including the power to call a convention. There seems to be no reason why, after the appointment of such committee, its powers should have been limited. The existence of such committee was important for the purpose of calling the next senatorial convention. The absence of any reason for limiting the powers of this committee, and the existence of reasons for giving it general powers, and the accounts of the convention given at the time, would seem to corroborate the affidavits of the appellant, and lead to the conclusion that the committee was appointed with general powers as a senatorial committee, and, as such, has the power to name a state committeeman.

In determining this question of fact, we are required to consider the determination of the Democratic state committee, but are not to be controlled thereby. It does not appear, and is not even claimed on the argument, that that determination was made after any investigation or with opportunity to the parties interested to present the facts.

In the absence of such evidence before the party committee, its determination is not convincing.

We have considered other objections made by the respondent to the claims of the appellant here, and while, for lack of time, they will not be discussed in this opinion, we will simply say that upon examination we think these objections are not well founded.

The order should therefore be reversed, the determination of the committee designating John Anderson, Jr., as state committeeman should be annulled, and the designation of John B. Trombley should be approved.

Order reversed, without costs. The designation of John Anderson, Jr., declared to be irregular and unauthorized. All concur, except JOHN M. KELLOGG and HOUGHTON, JJ., who dissent.

HOUGHTON, J. (dissenting). I dissent from the decision about to be made for the reasons stated by the learned court below, and also for the further reason that section 56 of chapter 891 of the Laws of 1911 commands courts to consider the action and determination of the regularly constituted party authorities, and there being no proof in the record that the Democratic state committee was deceived in deciding, or that it did not fairly determine, that the Thirty-Third senatorial district did not have a general committee empowered to designate a candidate for state committeeman, its action in that respect should be deemed conclusive. Political parties are mere aggregations of individuals having more or less similar views respecting governmental affairs. Membership in a party involves no property right. The rules, therefore, which a party makes in conformity with or not contrary to the statute, become its laws, and the determinations of its committees acting within their powers become party decrees and judgments.

For aught that appears in the moving papers, there may have been a hearing before the state committee and the same facts now presented may have been adduced and passed upon, and a determination reached that the senatorial committee appointed in 1910 was a mere committee to fill vacancies, having no general power to call conventions or to make designations under the Primary Law. The burden was on the appellant to show there was no such hearing and determination. Having failed to do so, this court should assume that the state committee, which is the supreme authority of the party, had decreed, after proper hearing, that the committee designating appellant had no authority so to do, and should treat such decree as binding and conclusive.

For these reasons, as well as those given by the court below which need no elaboration because a mere statement of them shows their conclusiveness, irrespective of the merits of the controversy, I think the determination should be affirmed.