THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLIS-JOSLYN PUBLISHING COMPANY, INCORPORATED, Appellant, *v.* THE COMMON COUNCIL OF THE CITY OF LACKAWANNA et al., Respondents.

**Lackawanna (city of) — proceedings of common council in designating official newspaper under charter of that city examined and held to be substantially in conformity with charter and within authority of common council.**

1. The relator is the owner and publisher of a paper in the city of Lackawanna which was continued as the official paper of that city after the expiration of the time for which it was so designated, through failure of the common council to make a new designation at the time required by law. The common council subsequently designated another official paper in the place of the one published by relator, who claims that this action was illegal and that it should still be permitted to do the official printing for the reasons: *First*, that said designation was not made by the common council " at the first meeting (of the year) or as soon thereafter as practicable," and *second*, that the advertisement for bids for such service should have been published in relator's paper which continued to be the official paper until some other one was legally designated. (City Charter, §§ 33, 62, subd. 9; L. 1909, ch. 574). *Held*, that the failure of the common council to take proceedings at its first meeting in January " or as soon thereafter as

practicable " to designate an official newspaper did not deprive such council of its right to make such designation in August. *Held, further,* that the various provisions of the charter applicable to that subject did not compel the council to advertise in relator's then official paper for bids upon which to base a designation of a new and different official paper.

2. The Appellate Division included in its order of reversal a brief statement that such reversal was based upon the ground that " Section 33 of the charter of the city of Lackawanna * * * does not require publication in the official newspaper of proposals for designation of the official newspaper." Although not in a desirable form, this statement may be regarded as a compliance with the rule requiring it to affirmatively appear that the application was denied as a matter of law and not as a matter of discretion and hence the order is appealable to this court.

*Ellis-Joslyn Publishing Co.* v. *City of Lackawanna,* 177 App. Div. 951, affirmed.

(Argued April 24, 1918; decided May 28, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 17, 1917, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel defendants to deliver to relator for publication in a newspaper owned by it copies of the records of the proceedings of the common council of the city of Lackawanna and of various minutes, notices and other matter for official publication.

The facts, so far as material, are stated in the opinion.

*John A. Van Arsdale* for appellant.

*John W. O'Connor* for respondents.

HISCOCK, Ch. J.   The relator is the owner and publisher of a paper known as the Lackawanna *Journal.* In 1914, under provisions of the charter of the city of Lackawanna, which will be hereafter referred to, said paper was selected as the official publication in which should be printed a record of the proceedings of the common council of said city and other official notices and matter. Said paper

was concededly continued as the official paper of the city until August, 1916, through failure of the common council to designate any other paper. In that month said body designated another official paper in the place of the one published by relator and thereby was precipitated a controversy which became the basis of this proceeding.

Section 33 of the charter (L. 1909, ch. 574) provided that " Whenever any expenditures to be made or incurred by the common council or any city board or any city officer in behalf of the city for work to be done or material or supplies to be furnished * * * shall exceed two hundred dollars, the city clerk shall advertise for, and receive proposals therefor, in such manner as the common council shall prescribe, and the contract therefor shall be let to the lowest responsible bidder, * * *." Subdivision 9 of section 62 provided that " The common council shall, at the first meeting in each year, or as soon thereafter as practicable, designate a newspaper published either in said city or in the county of Erie as an official newspaper, to publish notices, by-laws, rules, ordinances and regulations; also such reports and other matters as the common council may direct to be published in the official newspaper of the city, * * *."

Intending perhaps to comply with these provisions the common council in January, 1916, without any advertisement, at its first meeting of the year designated a paper other than the one published by relator as the official paper. Action under this designation, however, was enjoined because of the failure to advertise for proposals for doing the printing in question. In August following notices calling for bids in proper form were duly published but in a paper other than relator's and subsequently a bid submitted by or in behalf of a paper other than relator's under said advertisement was accepted and said other paper designated as the official paper of the city.

Relator claims that this action was illegal and that it should still be permitted to do the official printing. Its reasons for this claim are, *first*, that said designation was not made by the common council " at the first meeting (of the year) or as soon thereafter as practicable," and *second*, that the advertisement for bids should have been published in relator's paper which continued to be the official paper until some other one was legally designated. Resting upon these assertions of the illegality of the new designation, it insisted that the common council should deliver to it for publication records of its proceedings and copies of other official notices and on failure to do this mandamus was asked for in this proceeding to compel such action. As has already been stated, the Special Term adopted these views of relator and directed that a mandamus issue; the Appellate Division reversed this order and denied the writ.

The first question which is argued is the frequent one whether an appeal lies from the order in question. It is familiar law that the issuance of a common-law writ of mandamus rests to some extent in the discretion of the Supreme Court to which application is made. This does not mean a discretion which is unlimited and arbitrary but rather one which is governed by well-defined rules. It has been often stated, but the statement seems to bear repetition, that if the application for the writ leads into disputed questions of fact or if it involves the exercise of discretion within the limits conferred upon the court and the denial of the writ may have rested upon the decision of such a question, this court cannot review the denial. Therefore, in order that an appeal shall lie, as in this case, from an order denying the writ it must either appear from the affidavits upon which the application was heard that no question of fact or discretion could arise, or else, affirmatively, that the application was not denied in the exercise of discretion.

(*People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570, 574; *People ex rel. Van Tine* v. *Purdy,* 221 N. Y. 396, 399; *People ex rel. N. Y. & H. R. R. Co.* v. *Board of Taxes,* 166 N. Y. 154; *People ex rel. McGuiness* v. *McAneny,* 211 N. Y. 535; *People ex rel. Brooklyn Heights R. R. Co.* v. *Connolly,* 211 N. Y. 537.)

Of course the simple, certain and commendable practice is for the court denying an application which involves the possible consideration of questions of discretion to state in its order, if that be the fact, that the application is denied as a matter of law and not as a matter of discretion. Undoubtedly, however, if this be not done we may now look at the opinion of the Appellate Division for the purpose of ascertaining, if possible, the grounds upon which the application has been denied. (Code of Civil Procedure, section 1237; *People ex rel. Flynn* v. *Woods,* 218 N. Y. 124, 127.)

The application for the writ of mandamus in this particular proceeding involved a question of discretion determinable by the courts below and not reviewable by us. If we should assume that the relator is correct in all of its contentions it would follow that under the provisions of the charter of the city of Lackawanna it had a contract with that city for the publication of records of proceedings of the council and of other official matter which might be enforced by an action at law at the time this mandamus was sought to compel delivery to it of such records and copies of notices for publication in accordance with its contract. In fact, we understand it to be stated by counsel for relator upon this argument that an action at law is now pending to enforce relator's rights under such a contract. The Appellate Division had the right as a matter of discretion to deny the application for a writ of mandamus and leave relator to enforce its rights by such adequate proceedings at law as have been indicated. (*People ex rel. Gaslight Co. of Syracuse*

29

v. *Common Council*, 78 N. Y. 56, 61; *People ex rel. Millard v. Chapin*, 104 N. Y. 96, 102.)

That court although reversing the order of the Special Term did not write any opinion setting forth its reasons for such reversal. It did not state in the order of reversal in specific and appropriate words that its denial of the writ was based upon questions of law and not upon its disposition of a question of discretion. It did include in its order of reversal, however, a brief statement that such reversal was based upon the ground that "Sect. 33 of the Charter of the City of Lackawanna * * * does not require publication in the official newspaper of proposals for designation of the official newspaper," and which we assume was intended to refer to one of the propositions urged by the relator that advertisement for bids for doing official printing must be inserted in the existing official newspaper. While the proposition thus decided was only one of two controlling ones urged by the relator and did not of itself warrant a denial of relator's application for a mandamus, we have concluded to regard it as a compliance with the rule heretofore stated requiring it to affirmatively appear that the application was denied as a matter of law and not as a matter of discretion, and thus we come to the consideration of the appeal on its merits. Considering these, we think that the relator as matter of law was not entitled to a writ.

We disagree with its first proposition that the failure of the common council to take proceedings at its first meeting in January "or as soon thereafter as practicable" to designate an official newspaper deprived such council of its right to make such designation in August. The charter did not in terms prohibit the common council from discharging this duty after a given date. Its provisions on any theory undoubtedly invested the council with a wide discretion in respect of the time and cir-

cumstances when and under which it should be " practi-cable " to make this designation and, as the record shows, there were facts and circumstances which delayed the final designation of the paper.    But even if we should assume that the council transgressed the limits of a reasonable discretion and failed to make this designation as promptly as it should have done, we think that the duty was a continuing one and that the council was not relieved from discharging it because tardy in so doing.    In our opinion a proper suitor might have compelled the common council to discharge the duty if it did not move with proper dispatch, and of course if the courts could compel belated action by the council the latter body could relieve itself from such proceedings by voluntary action. (*Holliday* v. *Henderson,* 67 Ind. 103; *People ex rel. Opdyke* v. *Brennan,* 39 Barb. 651.)

On the other and minor question argued by the relator and which alone was decided by the Appellate Division we agree with the views of that court.    Without quoting them again we do not think that the various provisions of the charter applicable to that subject compelled the council to advertise in relator's then official paper for bids upon which to base a designation of a new and different official paper.

In accordance with these views we think that the order appealed from should be affirmed, with costs.

CHASE, CUDDEBACK, HOGAN, CARDOZO and MCLAUGH-LIN, JJ., concur; COLLIN, J., concurs in result.

Order affirmed.