## COURT OF APPEALS.

### December, 13, 1918.

## MATTER OF WILLIAM HAYDORN v. EDWARD R. CARROLL, Clerk, etc.

(225 N. Y. 84.)

APPEAL—CONSTITUTIONAL QUESTIONS GIVE NO RIGHT TO APPEAL UNLESS DIRECTLY INVOLVED.

To entitle one to appeal from a unanimous order of the Appellate Division on the ground that a constitutional question is involved, it must be directly and necessarily involved.

It was accordingly *held*, where the primary question litigated was the right of the appellant to a mandamus to examine the indictment against him, and the Appellate Division unanimously affirmed an order denying the application on the discretionary ground, as it might, that the appellant had another remedy, that no appeal would lie to this court on the theory of a constitutional right to due process of law being involved. (Code Civ. Pro.; § 190.)

APPEAL from a unanimous order of the First Appellate Division affirming an order of the Special Term denying a motion for a peremptory writ of mandamus requiring the clerk of the Court of General Sessions to permit the petitioner's counsel to examine an indictment for burglary.

*Otho S. Bowling,* for appellant; *Edward Swann, District Attorney (Robert S. Johnstone* of counsel), for respondent.

HISCOCK, Ch, J.:

The facts which are relied upon to support petitioner's application are as follows: He was indicted jointly with others and was arrested and arraigned. Section 309 of the Code of Criminal Procedure provides: "If the defendant demand it,.

the indictment must be read, or a copy thereof furnished to him before requiring him to plead." Petitioner did not at the time of arraignment make any demand under this section, but pleaded not guilty with the reservation of a right subsequently to change his plea and demur to the indictment. Thereafter and within the time prescribed for a change of his plea he did make a demand on the respondent as clerk of the Court of General Sessions, where the indictment was lodged, for an opportunity to inspect or make a copy of the indictment. The clerk offered to read the indictment or furnish a copy thereof to him or his counsel, omitting, however, the names of those who had been indicted with him. Justification for this course was asserted on the ground that the other persons jointly indicted had not yet been arrested and that therefore it was permissible under section 272 of the Code of Criminal Procedure, which provides that an indictment when found must be presented " and must be filed with the clerk and remain in his office as a public record, but it must not be shown to any person other than a public officer until the defendant has been arrested or has appeared." The defendant claims that this qualified permission was a violation of his rights under the " due process " provisions of the Constitution and that he was entitled to an unlimited examination of the indictment.

The primary question presented is one of practice. The appeal is taken under and subject to the provisions of section 190 of the Code of Civil Procedure as amended by chapter 290, Laws of 1917. It is taken from a unanimous order of affirmance by the Appellate Division, and without permission, and the claim of right to do this is based upon the provision of the section which permits as matter of right such an appeal where there is " directly involved the construction of the Constitution of the State or of the United States."

In considering the provision of the Code permitting as of

right appeals where a constitutional question is involved, we must keep in mind the requirement that the construction of the Constitution must be "directly" involved. The circumstance that it may be involved in some indirect and remote sense is not enough to permit an appeal. As was said by Judge COLLIN, writing for the court, in People ex rel. Moss v. Supervisors of Oneida Co. (221 N. Y. 367, 369): "In a certain sense, perhaps, each enforcement of a statute by a court involves its constitutionality or the construction of the constitution of the state. That sense, however, was not within the legislative mind or intention in enacting the present restriction of our jurisdiction. An appeal upon the ground asserted here must present to us directly and primarily an issue determinable only by our construction of the Constitution of the State or of the United States." The appellant who relies upon this provision as an authority for his appeal assumes the burden of presenting to us a record which establishes that such construction has been not only directly but necessarily involved in the decision of the case. If the decision has or may have been based upon some other ground, the appeal will not lie. We think that in this case it affirmatively appears that the construction of the constitution was not involved.

The court at Special Term, as appears by its opinion, denied the application enforcing an inspection of the indictment largely on the ground that the appellant by application to the Court of General Sessions, wherein the indictment was pending, could secure all of the rights to which he was entitled, or, if these were denied, raise a question of law, which could be reviewed on appeal from any conviction. Having thus reached the conclusion, as I think correctly, that the appellant's rights could be enforced otherwise than by a writ of mandamus, and which justified the court in denying the application for this reason as a matter of discretion (People ex rel. Ellis-Joslyn Pub. Co. v. Common Council of Lackawanna, 223 N. Y. 445,

449), the learned court proceeded to make an order explicitly stating that the application was *not* denied as a matter of discretion, but as a matter of law.

When the case reached the Appellate Division that court, after the consideration of other questions which we do not find it necessary to consider, also took the view entertained by the Special Term that appellant's right could and would be protected on application to the court where the indictment was pending, and therefore that his application for the writ against the clerk thereof should not be granted, and in this connection it explicitly referred to the principle that the Appellate Division as well as the Special Term was vested with discretionary powers in such matter. It simply affirmed the order of the Special Term, and if this were all we might be compelled to regard the affirmance as based upon the law and not upon discretionary powers. In view of the present provisions of the Code, however, that the opinion of the Appellate Division must be regarded as part of the papers upon which the appeal is heard in this court (Code Civ. Pro., sec. 1237; People ex rel. Flynn v. Woods, 218 N. Y. 124), we can look to what was therein said in this case for the purpose of determining whether appellant's application has been denied as a matter of discretion. When we do this, it is clearly made apparent that the affirmance was based upon the exercise of a discretionary power and that the construction of the Constitution was in no way involved. This view leads to a dismissal of the appeal without any consideration of the merits of appellant's various propositions.

CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Appeal dismissed.