Van Voorhis, J.
The memorandum opinion of the Westchester County Court, in dismissing these indictments for failure to prosecute, states: ‘ ‘ The facts are such as to bring the matter squarely within the holding of the Court of Appeals in People v. Prosser (309 N. Y. 353).”
This court held that the facts in the Prosser case compelled dismissal of the indictment for delay as matter of law, without leaving the question of dismissal within the area of discretion of the trial court. By stating that the facts in the instant case brought it squarely within the holding of Prosser, the County Judge held that no area of discretion was open to him in deciding the motion to dismiss these indictments, and that the Prosser case required their dismissal as matter of law. Rule 72 of the Rides of Civil Practice (formerly General Rule of Practice 3) provides that this memorandum of opinion is ‘ ‘ part of the record *228 on which the order was made.” “By rule 3 of the General Rules of Practice, as amended in 1910, we are authorized to look to the opinion of the court to find the ground upon which the order was made in the absence of a statement of such grounds in the order itself.” (Matter of Trombley, 150 App. Div. 14, 17.) This is now the recognized rule (Cohen and Karger, Powers of the New York Court of Appeals, § 120). The effect is the same as though the County Court had stated in its order that these indictments were dismissed on the law and not in the exercise of discretion. Neither section 543-a of the Code of Criminal Procedure nor section 602 of the Civil Practice Act relates to this situation.
The Appellate Division affirmed without opinion (People v. Alfonso, 6 A D 2d 892). Although the Court of Appeals lacks power to review where it is not clear whether the Appellate Division has decided upon the law, or upon the facts or in the exercise of discretion, it has been ruled that where the court of first instance has made clear that its decision has been upon the law alone, and the Appellate Division has affirmed without specifying the grounds, it is presumed to have affirmed on the law only (Equitable Life Ins. Soc. v. Stevens, 63 N. Y. 341, 343; Hewlett v. Wood, 67 N. Y. 394; Metropolitan Sav. Bank v. Tuttle, 293 N. Y. 26; Matter of Haydorn v. Carroll, 225 N. Y. 84). Cohen and Karger, citing these cases, state: “ If the Appellate Division affirms a determination which was stated below to be on the law alone, without itself stating the grounds of its decision, the possibility of the decision having been on the facts or in discretion is also considered to have been negatived.” (Op. cit., § 120, n. 55.)
That the Appellate Division decided this case on the law is further attested by the certificate allowing the appeal to this court under section 520 of the Code of Criminal Procedure by Associate Justice Mubphy, who certified as a member of the majority of that court in this case that “ questions of law are involved which ought to be reviewed by the Court of Appeals ”.
It is thus clear that neither the Westchester County Court nor the Appellate Division dismissed these indictments in the exercise of discretion, but as matter of law, for the reason that they considered dismissal on the law to be compelled by the holding of this court in People v. Prosser (supra). The facts in the instant case are materially different from those in Prosser, *229 and consequently these indictments were not required to be dismissed on the law. Upon the other hand, this record, in my opinion, does not establish that there is no room under the facts and history of this case for the exercise of discretion, or that it would have constituted an abuse of discretion as matter of law to have dismissed these indictments as a discretionary matter under section 668 of the Code of Criminal Procedure. The Westchester County Court and the Appellate Division should have exercised their sound judicial discretion to determine whether the motion to dismiss the indictments should have been granted or denied. Inasmuch as these indictments have been dismissed erroneously on the law and without the exercise of discretion, the orders appealed from should be reversed and the matter remitted to the Appellate Division to determine whether these indictments should be dismissed under section 668 of the Code of Criminal Procedure in the exercise of a sound judicial discretion.