14-1663-cv
Advanced Aerofoil Technologies v. Todaro

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT: RALPH K. WINTER,
               BARRINGTON D. PARKER,
               RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

-----------------------------------------------------------------

ADVANCED AEROFOIL TECHNOLOGIES, AG, a Swiss Corporation, ADVANCED AEROFOIL TECHNOLOGIES, INC., a Delaware Corporation, ADVANCED AEROFOIL TECHNOLOGIES, GMBH, a German Corporation,

                     *Petitioners-Appellants,*

             v.                                   No. 14-1663-cv

THOMAS TODARO, ADVANCED ENGINEERING TECHNOLOGIES, INC., ANTHONY CHALDER, MARK TARBY,

CHARLES BYRD, DENNIS PFISTER,

*Respondents-Appellees.* ∗

----------------------------------------------------------------

FOR APPELLANTS:    James T. Kim, Cole, Schotz, Meisel, Forman & Leonard, P.A., Hackensack, NJ.

FOR APPELLEES:    Jaye Quadrozzi, Young & Associates, Farmington Hills, MI.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Advanced Aerofoil Technologies, Inc. and its affiliates (collectively, "AAT") appeal from the District Court's May 19, 2014 judgment granting Respondents-Appellees' motion to affirm a final arbitration award dated July 16, 2013 (the "Award") and dismissing AAT's petition to vacate the Award. We review the dismissal of a petition to vacate an arbitral award de novo. Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 103 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1.    Exceeding Authority

AAT argues that the Award should have been vacated because it exceeded the arbitrator's power. Under New York law, an arbitral award may be vacated

---

∗ The Clerk of the Court is directed to amend the caption of this case as set forth above.

if "an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made."  N.Y. C.P.L.R. § 7511 (b)(1)(iii).  However, "[c]ourts are reluctant to disturb the decisions of arbitrators lest the value of this method of resolving controversies be undermined."  Matter of Goldfinger v. Lisker, 68 N.Y.2d 225, 231 (1986).  A final arbitral award will not be vacated for exceeding the arbitrator's power "unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on [the arbitrator's] power."  Matter of Silverman (Benmor Coats), 61 N.Y.2d 299, 308 (1984).  AAT's only argument is that the arbitrator exceeded his power on the third basis.

We reject AAT's argument that the arbitrator exceeded his authority. First, having not applied for a stay of arbitration, AAT waived any arguments that the Award exceeded the power of the arbitrator.  See id. at 309 ("[T]he contention that a claim proposed to be submitted to arbitration is in excess of the arbitrator's power is waived unless raised by an application for a stay."). Second, the Award was justified by the arbitrator's analysis of the underlying Termination Agreement between the parties.  In challenging the arbitrator's authority to award appellees $302,165.55 in attorneys' fees and costs, AAT relied on a clause in the Agreement providing that "the parties will bear their own costs, expenses, and attorneys' fees."  However, the attorneys' fees provision of the Agreement permitted some exceptions, and the arbitrator reasonably concluded that an exception was warranted here because AAT breached the covenant not to sue and the arbitration clause of the Agreement by filing several lawsuits against the appellees.  See id. at 308 ("[A]n arbitrator is not bound by principles of substantive law . . . [and] may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting

3

the spirit rather than the letter of the agreement."); see also Matter of Falzone (New York Cent. Mut. Fire Ins. Co.), 15 N.Y.3d 530, 534 (2010) ("Even where an arbitrator has made an error of law or fact, courts generally may not disturb the arbitrator's decision."); In re Prof'l, Clerical, Technical, Employees Ass'n (Bd. of Educ. for Buffalo City Sch. Dist.), 959 N.Y.S.2d 310, 312 (4th Dep't 2013) ("So long as an arbitrator offer[s] even a barely colorable justification for the outcome reached, the arbitration award must be upheld.") (quotation marks omitted).

### 2. Manifest Disregard

AAT argues that the Award was rendered in manifest disregard of the law. "A party seeking to vacate an arbitration award on the basis of manifest disregard of the law must satisfy a two-pronged test, proving that: (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110-11 (2d Cir. 2006) (quotation marks omitted). AAT fails to satisfy this stringent test, and we therefore reject the argument that the Award was issued in manifest disregard of the law.[1]

---

[1] AAT appears to misconstrue our manifest disregard standard, see D.H. Blair, 462 F.3d at 110-11, and argues that we should review the Award for manifest disregard pursuant to N.Y. C.P.L.R. § 7511(b)(1). Even assuming that reviewing an arbitral award for manifest disregard pursuant to state law is analytically appropriate – given our caselaw, it is not – as discussed above, none of the limited New York state law bases for vacating an arbitral award exist here.

4

We have considered all of AAT's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court